**FIRST AVENUE COAL & LUMBER CO. v. RENFROE et al.   (6 Div. 791.)**

(Supreme Court of Alabama.   Jan. 13, 1927.)

1. **Appeal and error ☞931(6)—Trial court is presumed to follow statute requiring it to consider only relevant, material, competent testimony (Code 1923, § 6565).**

Appellate court will presume that trial court complied with Code 1923, § 6565, requiring it to consider and base its conclusion on the relevant, material, competent testimony.

2. **Appeal and error ☞1011(1)—Unless plainly erroneous or plainly contrary to great weight of evidence, trial court's conclusion in suit to enforce mechanic's lien on conflicting oral testimony is conclusive.**

Trial court's conclusion in suit to enforce mechanic's lien reached from conflicting oral testimony in his presence will not be disturbed unless plainly erroneous or plainly contrary to great weight of evidence.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by the First Avenue Coal & Lumber Company against E. S. Renfroe and another. From a decree for respondents, complainant appeals. Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant.

If the conclusion of the trial court is clearly opposed to the great weight of the evidence, the decree will be reversed. Robertson v. Robertson, 213 Ala. 114, 104 So. 27. The contract between Renfroe and Rooke was immaterial, and was erroneously admitted in evidence. Dees v. Self Bros., 165 Ala. 225, 51 So. 735; Key v. Goodall Brown & Co., 7 Ala. App. 227, 60 So. 986; Andrews v. Tucker, 127 Ala. 602, 29 So. 34; Napier v. Elliott, 177 Ala. 113, 58 So. 435; Lay v. Fuller, 178 Ala. 375, 59 So. 609.

Smyer & Smyer, of Birmingham, for appellees.

The finding of a trial judge, in equity, has the force and effect of a jury verdict. By reason of other evidence, the decision was not dependent upon the contract offered in evidence.

MILLER, J.   This is a bill in equity filed by the First Avenue Coal & Lumber Company, a corporation, against E. S. Renfroe and the Birmingham Trust & Savings Company, a corporation, to enforce a mechanic's lien on a certain lot and improvements thereon, owned by E. S. Renfroe, for an indebtedness contracted by him with the complainant for material furnished and used in the construction of the improvements on this lot, and to declare this lien prior and paramount to a mortgage, on the lot and the improvements, given by E. S. Renfroe to the Birmingham Trust & Savings Company. The defendants answered and denied that E. S. Renfroe contracted with the complainant this debt for this material, and aver: That he purchased no material for the improvements on this lot. That if any material was purchased from and furnished by the complainant for the erection of the improvements on the lot, it was by and to one A. C. Rooke and not E. S. Renfroe. That A. C. Rooke and E. S. Renfroe entered into a written contract by which Rooke agreed to erect certain improvements on this lot, to

furnish all labor and material therefor, for which Renfroe was to pay him a certain sum named therein. At different times Renfroe paid Rooke the price as agreed. That he paid him the balance thereof, which was in excess of the amount to which he was entitled under the terms of the contract. And the answer also avers:

"Respondents further aver that at the time said balance was paid by the respondent E. S. Renfroe to the said A. C. Rooke, the respondent E. S. Renfroe had no notice of the existence of the complainant's alleged lien or claim of lien upon said property or upon the balance due to said contractor, under said contract."

The court on the pleading and proof held the complainant was not entitled to relief, by decree dismissed the bill, and taxed the complainant with the court cost. The complainant prosecutes this appeal from that decree, and it is one of the errors assigned.

The defendants were permitted by the court over the objection of the complainant, to which ruling exception was reserved, to introduce in evidence the written contract entered into by E. S. Renfroe and A. C. Rooke. for the erection of the improvements on this lot. The appellant insists that in this ruling the court erred. A copy of the contract was attached to the answer and made a part thereof by exhibit. It is not required that the trial court or this court point out or indicate what testimony, if any, should be excluded or not considered, but on the hearing of the cause the court shall consider only such testimony as is relevant, material, and competent, and not consider any testimony which is irrelevant, immaterial, or incompetent, whether objection shall have been made thereto or not. The contract is in evidence in the record, and it is not necessary for this court to decide whether the trial court erred in that ruling. This court will consider in reaching its conclusion on the litigated issue only the relevant, material, and competent testimony. Section 6565, Code of 1923. Mason v. Calhoun, 213 Ala. 491, headnote 3, 105 So. 643; King v. Price, 212 Ala. 344, headnote 1, 102 So. 702.

[1] There is legal evidence to sustain the decree, and this court will presume that the trial court followed the statute and considered and based its conclusion on the relevant, material, and competent testimony. Copeland v. Warren, 214 Ala. 150, headnote 13, 107 So. 94; section 6565, Code of 1923. A. C. Rooke, the contractor, is dead—died before this cause was tried, and was not examined.

[2] The complainant in its bill and proof claims it sold to and E. S. Renfroe purchased from it, on or subsequent to May 14, 1924, materials which were delivered and used in this improvement on this lot, amounting to $458.83;

and its testimony tends to sustain this contention. E. S. Renfroe by his answer and proof claims he purchased no material from the complainant to be used in this improvement on this lot, owes it nothing for materials, and if complainant furnished this material on or after May 14, 1924, for this improvement, it was by a sale to A. C. Rooke and that he is not responsible for it; that he paid Rooke the amount due him and had no notice of this alleged lien and it is no lien on this property. The testimony introduced by him tends to sustain this contention. The evidence is in striking and clear conflict by positive proof and by corroborating circumstances as to whether this sale of this material was made by the complainant to the defendant E. S. Renfroe or whether it was made by the complainant to A. C. Rooke. The appellant in brief correctly states:

"There was only one issue of fact, and that was whether or not Renfroe agreed to pay for the material that was ordered subsequent to May 14, 1924."

The testimony is strong on each side of this issue of fact. All of the witnesses were examined orally in the presence of the court. He heard them testify. The trial judge propounded some questions to one or more of the witnesses, thereby showing that he was watching the issue and looking for the truth. He had an advantage over this court in considering and weighing the testimony and in arriving at a correct conclusion. His conclusion reached from this conflicting oral testimony in his presence should not be disturbed by this court unless it is plainly erroneous or plainly contrary to the great weight of the evidence. We cannot affirm from the testimony that his conclusion is plainly erroneous or plainly contrary to the great weight of the evidence. So we must conclude the decree is correct. Finney v. Studebaker, etc., 196 Ala. 422, 72 So. 54; Thompson v. Collier, 170 Ala. 469, 54 So. 493; Bell v. Blackshear, 206 Ala. 673, headnote 3, 91 So. 576.

There is ample testimony to sustain and support the decree. It is unnecessary and not required that a discussion of the testimony and a recital of it, pro and con on the issue of fact, be made and entered in this opinion. Ala. Bank & Trust Co. v. Jones, 213 Ala. 398, headnote 1, opinion, 104 So. 785; Robertson v. Robertson, 213 Ala. 114, headnote 1, opinion, 104 So. 27.

The decree is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.