## SMITH v. HARBAUGH. (1 Div. 436.)

Supreme Court of Alabama. May 19, 1927.

1. **Boundaries** ⬅3(3)—**Lines and figures on plat are not "natural or artificial monuments."**

Rule that in matters of description calls for natural or artificial monuments dominate course and distance, applies to monuments on ground and does not refer to lines and figures on plat.

2. **Deeds** ⬅112(2)—**Lines and figures on plat become part of description by reference.**

Lines and figures on plat described in deed become part of description by reference as if courses and distances shown thereby were specifically set out.

3. **Evidence** ⬅461(3)—**Parol testimony of circumstances of giving partition deeds and of possession taken thereunder held admissible to determine intention as to conflicting descriptions in one of deeds.**

Where partition deed presented dual description of property by distances and designation of lot, parol testimony of circumstances under which partition deeds were executed and evidence of possession taken pursuant to partition was admissible as tending to show which of conflicting descriptions expressed real intention of parties.

**4. Boundaries** ⚖➡36(2)—**In determining boundary between properties conveyed by partition deeds, deed to adjoining lot made as part of same transaction could be considered.**

In suit to quiet title to property under deed given in partition proceedings containing conflicting descriptions, deed to adjoining lot, made as part of same transaction, could be considered with deed under which plaintiffs claimed and explanatory parol evidence to determine true boundary, though description in other deed was clear.

**5. Partition** ⚖➡8—**Partition deed containing conflicting descriptions by foot frontage and lot number held to include larger area given by foot measurement.**

Deed in partition proceedings describing property as having 64-foot frontage and designating it by number of lot which had frontage of only 52 feet *held* to include larger area, where additional foot frontage was inserted to include building extending over on adjoining lot, which was conveyed to one of tenants in common as part of same transaction.

**6. Estoppel** ⚖➡32(1)—**Former tenant in common held not estopped by recitals in partition deed to adjoining lot to claim that partition deed to him containing conflicting descriptions extended to part of such lot.**

In suit to quiet title under partition deed which contained conflicting descriptions, plaintiff *held* not estopped by deed to adjoining lot given other tenant in common to claim that plaintiff's deed extended to part of property so given.

**7. Vendor and purchaser** ⚖➡230(1)—**Purchasers are charged with notice of recitals in chain of title.**

Recitals in chain of title are notice to prospective purchasers thereunder.

**8. Vendor and purchaser** ⚖➡230(1)—**Rule that prospective purchasers are charged with notice of recitals in chain of title did not apply to purchaser under partition deed not suggesting irregularity.**

Rule that recitals in chain of title are notice to prospective purchasers thereunder did not apply to purchaser under deed given in partition proceedings which did not suggest variance in description of deed to adjoining property.

**9. Adverse possession** ⚖➡13—**Grantee in partition proceedings under deed containing conflicting descriptions held to acquire title to property claimed by adverse possession.**

Grantee under deed in partition proceedings, who had actual, open, continuous, and undisputed possession of property claimed under deed, which gave conflicting descriptions, acquired title by adverse possession as against adjoining landowner, also holding title upon partition proceedings, and his grantee.

**10. Vendor and purchaser** ⚖➡232(1)—**Purchaser is charged with notice of claim of one in possession of part of property purchased.**

Possession of third party of part of property purchased is notice to purchaser of third party's claim, and puts purchaser upon inquiry as to scope and nature of such claim.

**11. Adverse possession** ⚖➡66(2)—**Possession taken to agreed boundary line under deed in partition proceedings was presumed adverse.**

Possession taken to agreed line under deed in partition proceedings was presumed to be adverse, regardless of whether mistake was made in describing property conveyed.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill in equity by Annie H. Smith against E. A. C. Harbaugh. From a decree for respondent, complainant appeals. Reversed and rendered.

Harry T. Smith & Caffey, of Mobile, for appellant.

The deed from complainant to Byrne and that from Byrne Lumber Company and others to complainant, having been executed and delivered simultaneously to carry out a partition agreement between these parties, must be construed together as one instrument. Kelly v. Life Ins. C. Co., 113 Ala. 453, 21 So. 361; Robbins v. Webb, 68 Ala. 393; O'Barr v. Turner, 16 Ala. App. 65, 75 So. 271; Bridgeport L. & I. Co. v. Amer. Fireproof Steel Car Co., 94 Ala. 592, 10 So. 704; M. & M. R. Co. v. Gilmer, 85 Ala. 422, 5 So. 138; Walker v. Struve, 70 Ala. 167. When so considered, the specific description in the deed to complainant would control the general description of the lot conveyed to Byrne as lot 8, according to a certain map. Sikes v. Shows, 74 Ala. 382; Carter v. Chevalier, 108 Ala. 563, 19 So. 798; Pettit v. Gibson, 201 Ala. 177, 77 So. 703; Garner v. Morris, 187 Ala. 658, 65 So. 1000; Guilmartin v. Wood, 76 Ala. 204. The intention of the parties, as manifested by their acts, declarations, and agreements, resolves any doubt or ambiguity in the description of the two deeds, when read together, in complainant's favor. Aiken v. McMillan, 213 Ala. 494, 106 So. 150. Irrespective of her deed, complainant acquired title to the line claimed by adverse possession. Copeland v. Warren, 214 Ala. 150, 107 So. 94; Betts v. Ward, 196 Ala. 248, 72 So. 110; Smith v. Duvall, 201 Ala. 425, 78 So. 803; Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837. If notice were necessary, the recording statute put all subsequent purchasers from Byrne on notice of both of the partition deeds. Code 1923, § 6860; Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann. Cas. 1917B, 792; 23 R. C. L. 341; Doom v. Holmes, 9 Kan. App. 520, 60 P. 1096; Manogue v. Bryant, 15 App. D. C. 245; Ladies' Benev. Soc. v. Magnolia Cem. Co. (Tex. Civ. App.) 268 S. W. 198. The deed under which respondent claims put him on notice of the terms of complainant's deed. Mobile & M. R. Co. v. Gilmer, 85 Ala. 434, 5 So. 138.

Smiths, Young & Johnston, of Mobile, for appellee.

Monuments, whether natural objects or artificial marks, dominate courses and distances given in deeds. Crampton v. Prince, 83 Ala. 250, 3 So. 519, 3 Am. St. Rep. 718; 1 Greenleaf, Evid. (14th Ed.) 392. The plan referred to in the deed became a part of the deed. 2 Devlin on Deeds (1887) 337; 18 C. J. 282; 18 Cyc. 283.

BOULDIN, J. The bill is framed as a statutory bill to quiet title. The matter involved is the location of a disputed boundary line between adjoining owners of city lots. Under the issues made by bill and answer and under the evidence the question was litigable by bill to quiet title, or by statutory bill to settle and establish disputed boundaries.

The title of complainant, Mrs. Annie H. Smith, is derived from voluntary partition proceedings 'between tenants in common resulting in a partition deed to her as one tenant in common; and the title of respondent through mesne conveyances from H. Walter Byrne, who, as nominee of the other tenants in common, received a partition deed from Mrs. Smith and her husband. These partition deeds were contemporaneous and parts of the same transaction.

Among the properties partitioned were lots 6, 7, 8, and 9, as shown by a recorded plat of Glendale Park in Mobile county.

In the partition deed to Mrs. Smith, the complainant, her property is thus described:

"That certain lot or parcel of land with the improvements thereon, situate, lying and being in the city and county of Mobile, and state of Alabama, to wit:

"Beginning at the northwest corner or intersection of Tennessee street and Michigan avenue as now located and running thence westwardly along the north line of Tennessee street one hundred and thirty-five (135) feet to a point, thence running northwardly and parallel with Michigan avenue sixty-four (64) feet to the north line of lot number nine (9), thence running eastwardly along said north line of said lot number nine (9), one hundred and thirty-five (135) feet to Michigan avenue, and thence running southwardly and along the west line of Michigan avenue sixty-four (64) feet to the place of beginning. Being a parcel of land fronting sixty-four (64) feet on Michigan avenue, and having one hundred and thirty-five (135) feet depth on Tennessee street, and being otherwise known as lot number nine (9), in block number thirteen (13) of the Glendale Park according to a map or plan of the Glendale Park filed in the office of the judge of probate court of Mobile county, Alabama, on the 6th day of February 1890 and recorded in Deed Book 61 N. S. pages 316 and 317.

"Together with all the improvements and appurtenances thereunto in any wise belonging."

On the face of it, this deed presents a dual description of Mrs. Smith's property, one by courses and distances from an initial point, and the other by a reference to a numbered lot as shown by a recorded plat.

Now, the plat shows lot No. 9 to have a frontage of 52 feet on Michigan avenue, 12 feet short of the other calls. Hence, this lawsuit as to the ownership of the 12-foot strip running west and parallel with Tennessee street. We have a case of two variant descriptions of equal certainty, one by courses and distances from an initial point incorporated in the deed, the other by courses and distances from the same initial point incorporated by reference to the plat. One description is more inclusive than the other.

[1, 2] Appellee reminds us of the rule that in matters of description, calls for natural or artificial monuments dominate course and distance. This means monuments on the ground selected and designated in the deed as corners, etc. It has no reference to lines and figures on a plat. These become a part of the description by reference as if the courses and distances shown thereby were set out in the deed. 2 Devlin on Deeds, § 1022.

The explanation of Harry T. Smith, the husband of complainant, who negotiated the partition, is this: Lot No. 9 was the south lot of the lands being divided. It was then improved with a two-story building on the corner at the intersection of Michigan avenue and Tennessee street, and three one-story frame buildings of like design all fronting Tennessee street. It was agreed by the parties on the ground that Mrs. Smith take the property covered by the buildings and extending back to a fence just in the rear of them. In preparing the deeds a question arose as to the true location of the southeast corner of lot No. 9; that is, where was the intersection of the streets. One view was that the walls of the corner building were flush with the property line on both streets, and the other that the property line extended across the sidewalk to the middle of a ditch along Tennessee street, thus throwing the corner of lot 9 in the middle of the ditch about 12 feet south of the corner of the building. Taking this as the true corner and running 52 feet north on Michigan avenue, it was found the north boundary of lot 9 would run through all these buildings, leaving some 12 feet standing on lot 8. We note the rear of the three similar buildings were in alignment, and just within the 64-foot limit taking the corner in the ditch.

To avoid controversy and to give Mrs. Smith the property so allotted to her, the width of the lot was expressly stated to be 64 feet—this by measurement from the middle of the ditch or approximately 52 feet from the front of the corner building.

[3] By later surveys it was ascertained that the southeast corner of lot 9 as platted was in the ditch. The parol testimony giving the circumstances under which the partition deeds were made, with further evidence of possession of the parties taken pursuant to the partition, was admissible as tending to show which of the conflicting descriptions expresses the real intention of the parties. Ai-

ken v. McMillan, 213 Ala. 494, 106 So. 150, 24 C. J. 287.

Clearly, the cotenants in making partition, the rights of third persons not being involved, were free to locate the line between lots 8 and 9 as they should agree. The testimony of Mr. Smith in explanation of the variant descriptions was not controverted. It tended to show that parties had theretofore made improvements with reference to an assumed location of lot 9. The parties contemplated these improvements should pass as a whole, that Mrs. Smith should not take a 52-foot lot lying 12 feet out in the street, as the sidewalks would indicate, and cutting off 12 feet of her improvements at the rear.

[4] In the partition deed from Mrs. Smith and husband to H. Walter Byrne his property is described as lot 8, lying north of lot 9, as shown by the plat. It contains no dual description. Standing alone, the grantors could not vary its terms by parol. But this deed shows it was in the course of partition proceedings and made in connection with the deed to Mrs. Smith. Without dispute both were parts of one transaction, and the true line is to be determined from both deeds in connection with the explanatory evidence above recited.

[5, 6] As to the tenants in common and persons holding under them with no higher equities, we are led easily to the conclusion that the true line fixed by the parties was as claimed by Mrs. Smith; that they never contemplated a partition wherein a portion of each of her buildings would stand on the lands of the other party. But appellee claims Mrs. Smith is estopped by her deed conveying lot 8 according to the plat as against this respondent holding by mesne conveyances following the same description. This seems to be the view of the trial judge.

Appellant claims the recitals in the Byrne deed, a part of respondent's chain of title, showing such deed was made in partition proceedings, gave notice that Mrs. Smith had a deed as a part of the same transaction and was thus put upon inquiry as to the description in her deed.

[7, 8] True, recitals in a chain of title are notice to prospective purchasers thereunder, but we are not impressed that this rule has application here. The deed from Mrs. Smith to Byrne purporting to convey lot 8 according to the plat, with no suggestion of a variance therefrom in her deed from Byrne, would not excite inquiry in a person of reasonable prudence as to whether she had really conveyed what the deed to Byrne purported to convey. Whether constructive notice by the record of her deed from Byrne would be effective we need not here inquire.

[9] The evidence is that upon making the partition of the property in 1909, Mrs. Smith took actual possession of the property, claiming and holding as of right the entire building and grounds to the boundary of her 64-foot lot; that such possession has been open and continuous and acquiesced in by Byrne and his successors in title down to and at the time the adjoining property was purchased by the present respondent. It does not appear that this respondent, at the time of his purchase, had in mind any portion of the buildings or the ground on which they stand, but upon later information asserted his claim to the strip in controversy.

[10] The actual possession of complainant at the time of respondent's purchase was notice to him of her claim of title thereto, and put him upon inquiry as to the source and nature of her claim of title, whether acquired in connection with the partition or otherwise. Respondent therefore holds no higher equity than Byrne.

[11] Apart from the deeds, the possession taken to an agreed line upon partition is presumed to be adverse. Under the evidence Mrs. Smith's adverse possession of the strip in controversy for more than ten years had ripened into title when the bill was filed. It is not the case of possession to a tentative line by mistake with no intent to claim beyond the true line, but a case of possession to a fixed and agreed boundary line at the inception of possession, the mistake, if any, being in the conveyance describing the location of the line so fixed.

There was error in denying complainant relief. The decree is reversed, and one is here rendered decreeing that respondent has no right, title, or interest in the lands south of a line beginning on Michigan avenue at a point 64 feet north of northwest corner of the intersection of Michigan avenue and Tennessee street and running thence west and parallel with Tennessee street as fully shown by the red line on map or plat of Engineer Hume, made Exhibit 1 to his testimony.

The decree dissolving the temporary injunction is reversed and the same is made perpetual as to property here adjudged to the complainant. Let respondent pay the costs of suit in the court below and the costs of appeal in both courts.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.