(118 So. 559)

**MINK v. WHITFIELD.** (8 Div. 993.)

Supreme Court of Alabama. Nov. 8, 1928.

J. Foy Guin, of Russellville, for appellant.

Williams & Chenault, of Russellville, for appellee.

Brief did not reach the Reporter.

FOSTER, J. ■ The equity of the bill is justified by section 6439 et seq. and section 6465, subsec. 5, of the Code of 1923. The Code provisions have been held to confer jurisdiction without showing independent equity, and although adverse possession is claimed by defendant. Jenkins v. Raulston, 214 Ala. 443, 108 So. 47; Camp v. Dunnavent, 215 Ala. 78, 109 So. 362; Yauger v. Taylor, ante, p. 235, 118 So. 271.

■ The law of adverse possession prescribed by section 6069 of the Code, by its terms, does not apply to cases involving questions as to boundaries between coterminous owners. Copeland v. Warren, 214 Ala. 150, 107 So. 94; Byars v. Howell, 209 Ala. 191, 95 So. 871; Sanderson v. Hodges, 209 Ala. 635, 96 So. 871; Id., 213 Ala. 563, 105 So. 652; Steele v. Allen, 214 Ala. 385, 107 So. 812; Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 914; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103. Possession to an agreed line is presumed to be adverse. This is quite different from a case of possession to a tentative line by mistake, with no intent to claim beyond the true line. Smith v. Harbaugh, supra; Copeland v. Warren, supra.

■ In equity cases, the court will only consider legal evidence, regardless of whether objections were interposed, and need not discuss and recite evidence which the court holds sufficient or insufficient to support a decree from which an appeal is pending. Section 6565, Code; Ala. Bank & Trust Co. v. Jones, 213 Ala. 398, 104 So. 785; First Ave. Coal & Lbr. Co. v. Renfroe, 215 Ala. 424, 110 So. 899.

■■ Section 7460 et seq. of the Code give a right to the value of permanent improvements to an occupant of land who has had adverse possession thereof for three years next before the commencement of suit for the recovery of it. Appellant made claim under this statute in his answer and cross-bill. The statute specifically relates to actions at law, but it creates a right under the conditions named, and a court of equity, as well as a court of law, will enforce it when necessary to grant the parties full relief. Sumner v. Bingham, 210 Ala. 446, 98 So. 294. The planting of an apple orchard is held to constitute a permanent improvement under this statute. Donehoo v. Johnson, 113 Ala. 126, 21 So. 70.

■ This brings us to the questions of fact involved. They were found by the court against appellant on evidence taken by deposition. It is therefore our duty to determine the facts for ourselves independent of the finding of the lower court. Section 10276 (1), Code; Armstrong v. Armstrong, 217 Ala. 581, 117 So. 195; Wade v. Miller, 208 Ala. 264, 93 So. 905.

■ We agree with the lower court in decreeing that the boundary line is the center line of the section extending east and west. Appellant does not contend that it is not well defined, but contends that, by adverse possession, he has acquired title to a line extending east and west and 700 feet north of said center line. The evidence does not satisfactorily show any such agreement as appellant contends with the owner of the land on the north making the line claimed by him the true line. Appellant many years ago planted an orchard on the disputed tract consisting of about an acre. He does not seem to have had adverse possession of it, as the adjoining owner also claimed it, and there was some evidence that he received fruit for rent of it. He seems not to have recognized any claim of appellant, though he permitted the orchard to remain. Appellant also at one time had about "an acre or more, might have been two acres," fenced for a pasture. At one time he extended his field into the tract embracing a small amount. The entire amount involved is about 21 acres. He also

336

cut firewood and some trees for boards. But when he sold his timber he did not include that in the disputed area. It is all woodland, except the orchard. The small clearing referred to has grown up in timber and has not been cultivated for many years.

Appellant has no color of title to the strip in controversy.

It is our opinion that such acts of possession done by him are consistent with the contention that they were with a mistaken assumption that the true line embraced the tract, and that the adjoining property owner was indifferent respecting such acts of possession, since they did not disturb his plans. The same observations apply to the claim for permanent improvements.

Our view is that the judgment of the lower court should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.