(124 So. 898)

## SMITH et al. v. COOK. (8 Div. 83.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

Williams & Chenault, of Russellville, for appellants.

R. L. Almon, of Moulton, for appellee.

FOSTER, J. The bill in this case was filed by appellants, alleging a dispute between them and appellee as to a portion of the boundary line between two 40's of land owned by them respectively. The bill alleges that appellants and their predecessors have had adverse possession of their 40 up to a certain wire fence, and that appellee claims a strip of land across said fence, and has taken possession of it by building another fence on the land of appellants. The bill is filed, as alleged, to establish the boundary line. There was no demurrer to the bill, but on final hearing relief was denied appellants.

Appellee insists that relief was properly denied because the bill was not sufficient to invoke jurisdiction in failing to allege a request to establish a line before filing the bill, and for not averring a sufficient description of the true line. This view met favor in the circuit court.

██ The subject of equity jurisdiction to establish disputed boundary lines has given rise to many cases in Alabama. In none of them has the statement been made that the bill is without jurisdictional averment, or even defective, if it fails to allege that there was a request to establish the line. The case of Morgan v. Lake Shore R. Co., 130 Ind. 101, 28 N. E. 548, is cited by appellee, but the opinion is that, unless there is an issue shown, a party should not be harassed with unnecessary litigation, and that the bill shows no request to establish the line. But the bill here alleges a dispute and a claim by appellee that the line extends beyond and over upon the lands of appellants. The other case cited of Forney v. Williamson, 98 N. C. 329, 4 S. E. 483, is without application. This court has recently review the whole subject in Yauger v. Taylor, 218 Ala. 235, 118 So. 271. It is there shown that a bill following the former statute (Code 1907, § 3052, subd. 5) was sufficient to confer jurisdiction in the absence of demurrers, even though it did not aver an independent equity, and that since the present enactment (Code 1923, § 6465, subd. 5) no other allegations are necessary to confer jurisdiction, even on demurrer, than to follow the requirements of the statute. The bill certainly shows a dispute and an issue between the parties. This is a requirement of the statute. There are other similar situations in our system. For instance, to enforce the equity of redemption, it is not necessary to allege an offer to redeem and refusal by the mortgagee, yet, if the facts show that there is no controversy the complainant will be taxed with the cost. Ezzell v. First Nat. Bank, 218 Ala. 462, 119 So. 2; Allen v. Evans, 214 Ala. 106, 106 So. 601; McGuire v. Van Pelt, 55 Ala. 344. A bill for reformation will not be stricken on demurrer for failure to make re-

quest to correct the error before suit brought. McCaskill v. Toole, 218 Ala. 523, 119 So. 214, So in a bill for specific performance, a request to perform is not necessary to be alleged, but, if respondent appears and offers to perform, and shows the want of a controversy, relief will be granted but without cost. Robbins v. Battle House Co., 74 Ala. 499; Crawford v. Chattanooga Sav. Bank, 201 Ala. 282, 78 So. 58.

██ We can see no difference in principle here, even if demurrer had been interposed on that ground; certainly not when there is no demurrer. McWhorter's Case, 204 Ala. 269, 85 So. 386. It may be true that in such a suit the bill should point out the true boundary line as is necessary in framing an issue of such nature at law under section 7457, Code. Smith v. Bachus, 195 Ala. 8, 70 So. 261. And the final decree of the court should describe the true boundary line with reasonable particularity. Alverson v. Floyd, 219 Ala. 68, 121 So. 55, and Hopkins v. Duggar, 204 Ala. 626, 87 So. 103. But we do not think such averment is jurisdictional and, in the absence of a demurrer on that ground, relief should not be denied. On decree pro confesso, the court could adjudge that there is a disputed boundary and take the proper steps to fix it and render decree after that had been done.

█ The bill alleges that appellants own a certain quarter section, and that appellee owns one lying immediately north; that there is a dispute as to the boundary line. It alleges further that appellants and their predecessors have had adverse possession to a certain vaguely described line for twenty years or more, and that, by reason thereof, they are entitled to have it decreed as the boundary line. This is claimed, though such line may extend in point of fact into the 40 acres on the north. It is claimed thereby (and the circuit court held) that the bill is inconsistent, and that it is not the true line between the 40's as properly surveyed which is sought, but appellants in effect seek to recover land not in the 40 alleged to be owned by them. The controversy after all is, as the statute contemplates, a dispute as to the boundary line between property owners. If it is not the true line according to the government numbers which appellants seek, it is none the less a boundary line dispute. The fact that the claim of appellants is based upon adverse possession, and that this is in the nature of a suit for the recovery of a strip of land, though not argued on this appeal, has received much careful attention in this court, and it was finally held that such situation is not sufficient to base a denial of relief under the statute. Yauger v. Taylor, supra.

██ The opinion filed in the circuit court shows that it concluded that the evidence did not show adverse possession by appellants as

respects the true location of the line. The testimony was taken by depositions. There is therefore no presumption of the correctness of the conclusion of the circuit court. Appellants claim that the conclusion is controlled by principles of law settled by this court, which for convenience we will restate. If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. Turner v. De Priest, 205 Ala. 313, 87 So. 370; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hoffman v. White, 90 Ala. 354, 7 So. 816; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905.

There is, however, a limitation or an additional principle that, if the occupancy to a line is with no intention to claim to it if it should be beyond the true location of the boundary, such possession is not adverse. Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Hodges v. Sanderson, 213 Ala. 563, 105 So. 652.

But there is a further provision ingrafted on the foregoing principle that, when one of the coterminous proprietors builds a fence as the dividing line and occupies and claims to it as such, with knowledge of such claim by the other, the claim of the former is presumptively hostile and the possession adverse. Hess v. Rudder, supra; Smith v. Bachus, 195 Ala. 8, 70 So. 261, quoted in Shepherd v. Scott's Chapel, supra.

If the land is woodland, there must ordinarily "be such a continuous and persistent cutting of timber or wood from the tract, as to be evidence of a claim of ownership, and an advertisement to the world that the party is occupying the entire tract" (Green v. Marlin, 219 Ala. 27, 121 So. 19, 22, and citations), or some other continuous acts of adverse possession (Montgomery v. Spears, 218 Ala. 160, 117 So. 753).

We conclude that, if the parties agree on a fence as the dividing line between their adjoining lands, there must exist the elements of an equitable estoppel, or acts of possession such as are customary for not less than ten years or the statute of frauds complied with, for such fence to be the location of the true line when in fact it is not such according to their respective chains of title.

It follows from the foregoing that a mere "recognition" of a location as the true line is not sufficient, but it must be accompanied with such actual possession as in law is sufficient and for the required length of time. Mink v. Whitfield, 218 Ala. 334, 118 So. 559.

It is also true that a claim of possession for the prescriptive period of twenty years must have with it the customary acts of possession, although the provisions of section 6069, Code, do not apply. Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Ford v. Bradford, 218 Ala. 62, 117 So. 429; Hopkins v. Duggar, supra; Stearnes v. Woodall, 218 Ala. 128, 117 So. 643; Mink v. Whitfield, supra.

Our conclusion is that the circuit court properly interpreted the evidence in this case as not sufficient to show the customary acts of actual possession necessary to sustain appellants' contention. Whether there was an ancient rail fence on the location of the wire fence later constructed is not controlling and much in dispute. There is no direct evidence of the purpose of its construction, if it was there. Complainants claim it was there when their predecessor took over the land. The wire fence was apparently not built for nor intended as a partition fence, and complainants and their predecessor had nothing to do with it. It did not inclose their land nor was used with or useful to it. It was built by their coterminous property owner for his own pasture purposes; the wire was tacked to trees, and not in a straight course. The land of complainants south of the fence was not, and, as we understand the evidence, has never been cleared. While complainants say that they and their predecessor have had possession to the fence, no act of actual possession was shown. It being woodland, it should have been of such character as would be sufficient under well-known rules to acquire the title. This was not shown in any respect. Green v. Marlin, 219 Ala. 27, 121 So. 19.

It is clear that the corners between the two 40's are well established, and located by rocks imbedded in the land, which seems to be the usual method in that county of marking such corners. A straight line between the markers is what the court must have found, as appellee contends, is the true line, and what one of appellants in effect agreed should be so treated. Whereas the pasture fence which complainants claim is the line as fixed by adverse possession, though not the true line, extends in a northeasterly direction from near the corner. We are not at all impressed with the fact that the wire pasture fence should be held the dividing line due to

adverse possession, and it has no claim otherwise as such. Evidence that the parties originally agreed upon it is not in accord with its manner of construction, nor its purpose or conduct of the parties or physical conditions, and, if true, was not followed by such a character of possession as is sufficient to fix a boundary contrary to its true and proper location. The testimony of Mrs. Smith in this connection is not admissible under section 7721, because of the death of the predecessor in title of appellee with whom she alleges the agreement was made. Hodges v. Denny, 86 Ala. 226, 5 So. 492; Moore v. Walker, 124 Ala. 199, 26 So. 984.

The purpose of section 6439 et seq. and section 6465, Code, is to establish uncertain or disputed boundaries, and the bill is filed under that section. Complainants therefore ordinarily are entitled to a decree if the court finds a disputed boundary, rather than to deny all relief as was done here. Jenkins v. Raulston, 214 Ala. 443, 108 So. 47. There this court held that, as the bill prayed that the boundary line be established, though complainants were not entitled to relief sought based upon an estoppel in fixing the boundary line, they did have a right to have it established. Thereupon the court properly appointed a commission to do so.

In the instant case the prayer is that it be decreed that by adverse possession they have acquired a right to the wire fence referred to and have acquired the strip of land between the fences.

Appellants do not insist on this appeal that there should be a commission to fix the true line. In fact the evidence shows clearly what the true line is, in the absence of the claim of adverse possession.

We conclude, therefore, that the controversy and dispute are fully settled by denying relief to appellants as they have prayed in their bill.

The decree of the circuit court is therefore affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.