(129 So. 55)

## TREADAWAY et al. v. HAMILTON.

6 Div. 646.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

J. J. Ray and J. M. Pennington, both of Jasper, for appellants.

W. W. Monroe and S. T. Wright, both of Fayette, for appellee.

THOMAS, J.

The prayer of the bill was to restrain the respondent, her agent or employees, from en-

tering upon complainant's lands, erecting a barbed. wire fence thereon, and interfering with his use and occupation thereof, and to remove cloud from his title by reason of respondent's claims, and to establish the boundary line between the parties.

▌▌ The complainant was in possession and could not bring ejectment. Acker v. Green, 216 Ala. 445, 113 So. 411. And equity has jurisdiction to determine disputed boundary lines. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Smith v. Cook, 220 Ala. 338, 124 So. 898.

The evidence was taken before the judge ore tenus trying the cause without a jury. The rule of Hackett v. Cash, 196 Ala. 403, 72 So. 52; Andrews v. Grey, 199 Ala. 152, 74 So. 62, applies.

Complainant acquired the lands from all the heirs at law of James Studdard—who died intestate more than 25 years ago—his children and grandchildren, and was put into possession of the same to an "old cross fence," being the east and west line, which has been the recognized line by and of the coterminous land owners for about fifty years. Smith v. Eudy, 216 Ala. 113, 112 So. 640; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226. It is alleged that the coterminous landowner south of or below the old fence or fence row never occupied, cultivated, nor claimed that his land extended beyond or above' said old fence row to the time of sale and conveyance to complainant, and his going into possession thereof and to said south or old fence row line.

▌▌ The land of respondent was from Dave Studdard, then to his son-in-law Wright, who conveyed to Mr. Treadaway, the deceased husband of respondent-appellant. The evidence shows that respondent's husband cultivated the land south of and up to said old fence row as the dividing line between the respective and coterminous properties, and recognized the possession and ownership north of said line as in the other as indicated. And such was the holding of said son-in-law Wright; and that of Dave Studdard. It is shown that there was no question of or controversy about the line until 1927, when or after the sale and purchase of said north land by H. P. Hamilton; that Mr. Treadaway during his life helped maintain the fence as "being the line"; and the sign of the old fence so maintained by coterminous owners as their line, is now shown by "a hedge" and "parts of the rails yet," and extends along the bank of the branch to the river on the east and as south boundary of said forty from southeast corner.

The evidence shows that there was a family agreement (Betts v. Ward, 196 Ala. 248, 72 So. 110) as to the old line between the respective coterminous landowners—the two brothers, James and Dave Studdard—and that "the old cross fence" was their agreed line between them; and it was so adhered to for forty or fifty years. That is to say from 1863 to the time of the trial, according to a member of that family. That there was never any question about that line until the last two years; it was an agreed or established line, long adhered to as the dividing line for the time we have indicated.

The immediate predecessor in title, Mr. Wright, of the. lands south of the fence, who sold to Mr. Treadaway, the husband of respondent, confirmed the fact that Jim Studdard owned north of and to the "cross fence," and that he "owned and occupied this (land) south of the cross fence"; that he *cultivated up to that fence* and Jim Studdard *cultivated down to the cross fence* which was "recognized as the line between the land owned by you (witness) on the south and the land Jim Studdard owned on the north"; that the cross fence was "the recognized line before the time you (witness) bought it"; was "acquainted with the place 58 years ago"; and that the fence in question was "the dividing line" so agreed upon by its owner to the time he sold to Treadaway; that it "was a rail fence maintained as the line there during the time" witness knew and owned it, between him and Jim Studdard.

The testimony of witnesses Ford and Hamilton corroborated the foregoing as to the agreed line, fence row or hedge row as the line between the Hamilton and Treadaway lands to the time of Mrs. Treadaway's claim in 1927, when the line was surveyed by Mr. Kimbrell and "the trouble started."

The tendencies of evidence on the part of respondent and her witnesses were to the effect, that the line had not been established by survey between the original parties and that they did not agree upon a line, but were holding under calls of surveys not intending to extend beyond the true lines of the original or government surveys.

It is established that: "If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. Turner v. De Priest, 205 Ala. 313, 87 So. 370; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires the title up to that line, even though the belief as to the correct location originat-

ed in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hoffman v. White, 90 Ala. 354, 7 So. 816; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905."

We have carefully examined the evidence, and agree with the trial court that this ancient agreed line between these lands should not now be removed nor disturbed. It has too long been established and recognized as the true boundary line between said tracts of land to be changed by recent surveys or assertions of ownership.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.