### OWEN v. MONTGOMERY et al.
### 6 Div. 714.

Supreme Court of Alabama.

May 30, 1935.

Rehearing Denied June 20, 1935.

Harsh, Harsh & Hare, of Birmingham, for appellant.

A. Leo Oberdorfer and C. H. Peay, both of Birmingham, for appellees.

GARDNER, Justice.

The original bill seeks to have located and established a disputed boundary line between complainants and defendant as coterminous owners. Section 6440, Code 1923; Smith v. Cook, 220 Ala. 338, 124 So. 898; Yauger v. Taylor, 218 Ala. 235, 118 So. 271.

Complainants' lands are specifically described in the second paragraph, and in paragraph three reference is made to a map made

an exhibit, disclosing the property of the respective parties, and the true line as contended by complainants as well as the boundary line upon which defendant relies.

It is here first insisted that the description of the property is vague and indefinite, and that the demurrer to the original bill upon this ground should have been sustained.

We do not consider the decree rendered on August 18, 1934, overruling this demurrer, is reviewable on this appeal. No appeal was prosecuted from this decree, but answer and cross-bill were filed on September 10, 1934, and refiled October 4, 1934. Demurrer was interposed to the cross-bill, and decree rendered November 23, 1934, sustaining the demurrer, and allowing an amendment. The amended cross-bill was filed December 10, 1934, to which demurrer was interposed, and sustained by decree of January 10, 1935, and cross-bill dismissed. From this latter decree defendant and cross-complainant prosecuted this appeal on January 30, 1935.

Doubtless, as the decree of January 10, 1935, dismissed the cross-bill, both interlocutory decrees on demurrer to the cross-bill would be held reviewable on appeal therefrom. But such an appeal could not be held to present for review a decree on demurrer to the original bill, from which no appeal was taken. This assignment presents nothing here for consideration, and may be ignored. Minge v. Smith, 206 Ala. 330, 89 So. 473; Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689.

As to the cross-bill, it is of course well understood that it is only where one of the parties seeks relief not within the scope of the statutory proceedings that a cross-bill is proper or necessary. McCaleb v. Worcester, 224 Ala. 360, 140 So. 595; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864.

Defendant asserts title to the disputed territory by adverse possession as well as upon the theory of estoppel. But these are matters available to him by answer only, and present no necessity for a cross-bill. Yauger v. Taylor, supra; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558.

But defendant insists his cross-bill contains the necessary averments of a statutory bill to quiet title (section 9905, Code), wherein a jury trial may be demanded (section 9908, Code), though not obtainable under the original bill to settle a disputed boundary. Yauger v. Taylor, supra. While the cross-bill contains the essential allegation of

no suit pending, yet such averment is to be viewed in the light of the proceedings and the purpose of the original bill therein answered, and so viewed discloses there is in fact a suit pending in which the title is involved. It is inconsistent with the entire proceedings, and, as pleading, must fall of its own weight. As observed in Scott v. Scott, 211 Ala. 424, 100 So. 755, 756, the cross-bill could not, with any degree of consistency, "aver * * * that no suit was pending to test the reputed adverse claim. The issue was fully covered by the original bill." The demurrer to the cross-bill was properly sustained.

But appellant complains there was error in dismissing the cross-bill after the court had sustained a demurrer thereto the second time. It is suggested in brief that he may be entitled to reimbursement for permanent improvements under section 7460 of the Code. Mink v. Whitfield, supra. But we find no such suggestion in the cross-bill, and even so, it would seem that under this statute an answer serving in this respect as a suggestion upon the record, would suffice.

There is a further suggestion in brief that, arising from the purchase by cross-complainant of a part of the property from complainants, there was a right of reformation of the deed, which could be granted under the general prayer for relief. But relief under the general prayer must be consistent with the allegations of the bill, and there are no averments of the bill justifying such relief. 21 Corpus Juris 679; Sewell v. Walkley, 198 Ala. 152, 73 So. 422; Magnolia Land Co. v. Malone Investment Co., 202 Ala. 157, 79 So. 641.

The chancellor, in sustaining demurrer to the original bill, granted time for amendment, of which cross-complainant availed himself, and amended the cross-bill. Neither of these matters were attempted to be brought forward by the amendment, and the chancellor was, of course, under no duty to cast about for other possible equities which may be conjectural. There must be an end to litigation, and we are unwilling to hold there was error in thus disposing of the cross-bill after its amendment, without stating a sufficient case. Commonwealth Life Ins. Co. v. First National Bank (Ala. Sup.) 160 So. 260, and authorities therein cited.

It may be conceded that, as to any matter of reformation of a deed, a cross-bill would be appropriate. But neither in the cross-bill as originally filed or as amended was any such relief sought or justified from the facts stated.

Perhaps, to avoid the possibility of any injustice, we may with due propriety modify the decree as to make the dismissal without prejudice. It will be so ordered.

The decree is modified as indicated, and, as modified, is affirmed at the cost of appellant.

Modified and affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.