76 So.2d 160

**Elmer McNEIL et al.**

v.

**W. E. HADDEN.**

**4 Div. 737.**

Supreme Court of Alabama.

Nov. 18, 1954.

J. N. Mullins, Jr., and J. N. Mullins, Dothan, for appellee.

W. Perry Calhoun and H. K. & J. F. Martin, Dothan, for appellants.

LAWSON, Justice.

This suit was filed in the circuit court of Houston County, in equity, by W. E. Hadden against Elmer McNeil and Leon McNeil for the purpose of having a boundary line established.

Submission for final decree was on the complaint, answer of the respondents, and testimony taken before a commissioner. After reading the testimony the trial court, in company with counsel for both sides, inspected the area in dispute.

Thereafter a decree was rendered wherein the boundary line was established as contended for by the complainant. In that decree it was ordered that the sheriff or a competent surveyor named by him place land markers so as to show the location of the boundary line as established by judicial decree.

After the sheriff reported that he had placed the markers as ordered, the respondents filed an application for rehearing, which application the trial court denied. From the final decree the respondents below have appealed to this court.

The first assignment of error is that the trial court erred in overruling the respondents' demurrer to the complaint.

It is provided by statute that rulings of the trial court on interlocutory decrees may be reviewed by this court on appeal from final decree. § 756, Title 7, Code 1940.

The first assignment of error is sufficient to present for review those grounds of the demurrer which are argued here in brief of counsel for appellant, but we will not treat those grounds of demurrer not argued. Groover v. Darden, 259 Ala. 607, 68 So.2d 28, and cases cited.

Grounds of demurrer which are argued in brief read as follows:

"Seventh. Because it is not alleged with sufficient certainty by the bill of complaint whether the complainant is claiming disputed lands outside of the 40 acres of lands he described in his complaint.

"Eighth. Because it is not alleged in the bill of complaint whether the fence row hedge, or woods and settlement road which complainant states constitutes the true and correct boundary line between complainant and respondents lands, is a part of 40 acres of land he states he owns, or is it in addition to the 40 acres of lands he describes in his complaint."

It is alleged in the complaint, in part, as follows:

"That Complainant owns the following described land in Houston County, Alabama:

"SW ¼ of SW ¼, Section 32, Township 2, Range 26;

"And Respondents own, or are interested in the following described land in Houston County, Alabama:

"SE ¼ of SE ¼, Section 31, Township 2, Range 26;

"That Respondents' land above described adjoins Complainant's land above described, and Complainant and Respondents are co-terminous land owners; and that a dispute exists between Complainant and the Respondents as to the true and correct boundary line between their respective 40's above described."

The quoted averments standing alone show that the boundary line between the lands of the parties is the section line between Sections 31 and 32 of the named township. And while the boundary line between adjacent landowners may be fixed and changed by agreement or by adverse possession, they cannot relocate a section line as surveyed by the government surveyors. Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409; Oliver v. Oliver, 187 Ala. 340, 65 So. 373.

But it is further alleged that complainant and his predecessors have had adverse possession to a line described by reference to landmarks and monuments for more than ten years and that, by reason thereof, com-

plainant is entitled to have the described line decreed as the correct boundary line.

■ We are of the opinion that such averments show that it is not the section line property surveyed which complainant seeks to have established as the boundary line, but the line described, though such line extends in point of fact into the forty acres on the west. The argued grounds of demurrer were overruled correctly. See Smith v. Cook, 220 Ala. 338, 124 So. 898; Jennings v. Perkins, 235 Ala. 32, 177 So. 139.

■ The second assignment of error is that the trial court erred in denying the respondents' application for rehearing. The decree denying the rehearing is not subject to review on this appeal. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422. See Wood, Wire & Metal Lathers Intern., etc., v. Brown & Root, 258 Ala. 430, 63 So.2d 372.

■ Assignments of error 2, 3, 4 and 5 are argued together in brief for appellants, and properly so, for they all challenge the correctness of the trial court's action in establishing the boundary line as insisted upon by the appellee, the complainant below.

It is without dispute in the evidence that the complainant has paper title to the SW ¼ of the SW ¼, Section 32, Township 2, Range 26, in Houston County. It is also without dispute that the respondents have paper title to twenty-four acres on the east side of the SE ¼ of the SE ¼. Section 31, in the same township and range.

It is conceded that according to their paper titles, the boundary which separates complainant's land on the east from the respondents' land on the west is the section line between Sections 31 and 32, as surveyed by the government surveyors.

But, as we have indicated, the complainant took the position in his complaint that irrespective of the location of the section line when properly surveyed, the correct boundary between his land and that of the respondents is a man-made line consisting of a well-defined settlement road and a hedgerow, the settlement road being on the southern end of the line and the hedgerow on the northern end. Complainant's claim is based on the assertion that the line which he says is the boundary has been recognized as such by his predecessors in title and those of respondents since the two sections involved came out of the government back in the last century.

■ It is established that: "If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. Turner v. DePriest, 205 Ala. 313, 87 So. 370; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a misake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hoffman v. White, 90 Ala. 354, 7 So. 816; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905." Smith v. Cook, 220 Ala. 338, 341, 124 So. 898, 900. See Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55; Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Guy v. Lancaster, 250 Ala. 226, 34 So.2d 10.

As heretofore shown, the boundary was fixed by the trial court as contended for by the complainant, but the evidence in the record before us supports no conclusion other than that the line so fixed is not the section line properly surveyed. It is apparent from the decree that the trial court based its action on its findings from the evidence and from personal inspection of the premises that there is such a line as claimed by complainant which has been in existence for many, many years; that the

predecessors in title of the complainant and the respondents as far back as the original homesteaders had agreed on that line as the boundary and that under such agreement complainant's predecessors in title held actual possession up to the agreed line under a claim of right openly and exclusively for a continuous period much in excess of ten years, believing that they were holding to the true line.

■ We will not relate the evidence upon which the trial court acted. It has been examined with care and we are clear to the conclusion that it supports the findings of fact to which we alluded above. Moreover, as mentioned before, the trial court in accordance with permissible practice, made a personal inspection of the property before making its finding of fact; hence, the decree is reviewed here as if it were a verdict of a jury. Mutual Service Funeral Homes v. Fehler, 257 Ala. 354, 58 So.2d 770; Monroe Bond & Mortgage Co. v. State, 254 Ala. 278, 48 So.2d 431. See Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617; Watt v. Lee, 238 Ala. 451, 191 So. 628.

The respondents' claim to the land which lies east of the line consisting of the settlement road and hedgerow and west of the section line is based entirely on the description contained in the deed which they received in 1950. But respondents received no title to the strip of land under that deed, for their grantors were without title thereto, since the predecessors in title of complainant had previously acquired title by adverse possession.

The complainant is in the same predicament. He has no title to the strip of land in dispute because it is not within the description of the deed which he obtained in 1946 from Mrs. C. D. Smith and he has not had adverse possession for the required period. The description in the last-mentioned deed covers only the south one-half of the southwest one-quarter of Section 32 and it is without conflict in the evidence that the strip of land in dispute is west of the section line dividing Sections 31 and 32.

The title to the disputed strip of land having been in Mrs. C. D. Smith at the time of her conveyance to complainant, the title thereto could pass to the complainant only by a conveyance wherein the said strip is sufficiently described or by the status of adverse possession for the required length of time by the complainant subsequent to his conveyance from Mrs. Smith. Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409; Haywood v. Hollingsworth, 255 Ala. 453, 51 So.2d 674; Wilson v. Cooper, 256 Ala. 184, 54 So.2d 286; Spires v. Nix, 256 Ala. 642, 57 So.2d 89; Holoway v. Carter, Ala., 72 So.2d 728.[1] See "Title by Adverse Possession," by the Hon. Shuford B. Smyer, of the Birmingham Bar. The Alabama Lawyer, Vol. 14, pp. 352, 360.

So the conclusion is inescapable that the complainant and the respondents are not coterminous owners. Their lands, according to the record before us, are separated by the disputed strip, title to which is in complainant's grantor or her successors.

■ Equity is without jurisdiction in a proceeding of this kind unless complainant owns land adjoining respondent's at the disputed boundary. Vines v. Sligh, 221 Ala. 181, 128 So. 143; Branyon v. Kirk, 238 Ala. 321, 191 So. 345.

■ We are constrained to the conclusion that the learned trial court should have dismissed complainant's bill rather than proceed to the establishment of the disputed boundary line. The decree will be reversed and one here rendered dismissing the bill.

Reversed and rendered.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

1. Ante, p. 51.