MADDOX, Justice.
This appeal involves a boundary line dispute between coterminous landowners.
Appellants, plaintiffs below, raise two points on this appeal: (1) that the jury verdict in favor of the defendants, and the court’s judgment entered thereon, were contrary to the great preponderance of the evidence, and (2) that the trial court erred in submitting the factual issues to a jury.
Appellants Oval Snyder and Eugie Pearl Hood, along with W.J. Buckner, filed a complaint to establish the true coterminous boundary between the lands of each appellant and the lands of the appellees. Buckner did not prosecute his claim and suffered a default judgment to be entered against him.
In their complaint, plaintiffs described the coterminous boundary between them. The claims of the parties are best shown by the following drawing:

*551

Specifically, as is apparent from the drawing, appellant Snyder claims the true boundary is a fence row which runs north-northeasterly from Marion County Road # 48, and appellant Hood claims the southern boundary is a turn row shown on the diagram by a dotted line.
A survey prepared by a registered surveyor was introduced into evidence during the trial, and all parties called witnesses to establish their claims to the disputed property.
Appellants are familiar with the principles of law which usually govern our review in cases such as this, but they contend that those principles are inapplicable in this case, because the verdict was against the great weight of the evidence. Appellants cite such cases as Cooper v. Peturis, 384 So.2d 1087 (Ala.1980), wherein this Court opined that “when the preponderance of the evidence is against the verdict, so as to clearly convince the Court that it is manifestly unjust, the verdict will be set aside,” and Posey v. Myers, 370 So.2d 986 (Ala.1979), wherein the Court held: “Where there is no evidence to support a jury ver- *552 diet, the trial court should grant a motion for a new trial on that ground.”
We cannot agree that there was “no evidence” to dispute the adverse possession claims of appellants. Appellee Ralph Hornsby paid taxes on the disputed strips and stated that he intended to possess all the land described in his deed.
The principles of law we apply are succinctly set out in James v. Mizell, 289 Ala. 84, 87-88, 265 So.2d 866, 868-69 (1972):
“Appellants set out numerous assignments of error in their various briefs. These assignments, in effect, raise three points of alleged error. First, that the decree was contrary to the preponderance of the evidence. Second, that appel-lees failed to maintain exclusive, continuous, and hostile possession up to the fence line and hence of the disputed strip, for ten years. Third, the Chancellor admitted allegedly illegal evidence.
“First, the Chancellor found that the present fence was the boundary line and that a prior fence had existed on this line for many years. Appellees’ evidence showed the old fence had been there since 1933, and some witnesses testified it had been there much longer. Appellants take the position that this finding was contrary to the preponderance of the evidence.
“In McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, the rules pertaining to disputes between coterminous owners relative to a mutual boundary line are stated as follows:
“ ‘It is established that: If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. Turner v. DePriest, 205 Ala. 313, 87 So. 370; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken.’ (Citations omitted.)
“In the court below, the burden of proof was upon the appellees to show adverse possession against the record title holders. Thus, the appellees had to establish the existence of a boundary line which was separate and distinct from the surveyed line, and that they occupied up to the location of this line. Appellees offered substantial testimony to verify the presence of a fence between Elmer and Lonnie Fuller at least as far back as 1933. Thus, a question of fact was presented which was within the province of the Chancellor to resolve. T.R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706.
“In the instant case, there also was sufficient evidence to show that an old fence had been on the same line where the new fence was built. Therefore a question was presented for the finder of facts, i.e., the trial judge. The trial judge found that a fence had been at this location for a considerable length of time. This court, on appeal, must now accord a presumption in favor of the factual findings of the Chancellor who saw and heard the witnesses. Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288; Sharp v. Elliotsville Cumberland Presbyterian Church, 280 Ala. 266, 192 So.2d 718; Hale v. Hale, 259 Ala. 666, 68 So.2d 63.
“There was adequate testimony indicating that the division line had been present much longer than the minimal ten year requirement for adverse possession, which together with the evidence of adverse possession by the appellees, precludes our finding that the decree was contrary to the preponderance of the evi *553 dence. See Isaacks v. Clayton, 254 Ala. 450, 48 So.2d 536; McLester Bldg. Co. v. Upchurch, 180 Ala. 23, 60 So. 173.
“The long period of acquiescence and acceptance of the old and then the new fence by appellants or their predecessors in title, together with appellees’ evidence of possession, further precludes their right to successfully deny appellees’ claim of right to the disputed strip.”
In James v. Mizell, supra, the trial judge found in favor of the claimant. Here, the finder of facts determined that the holders of the legal title intended to possess all that they had title to.
This case also presents the problem we face on review of land line disputes. We believe the principle announced by the Court of Civil Appeals in Engebrits v. Dykes, 434 So.2d 798, 799 (Ala.Civ.App.1983), is applicable:
“Transcripts of the evidence concerning boundary line disputes are, as a rule, the most confusing and difficult to follow, comprehend and understand of all customary and ordinary trials because of the common tendency of some attorneys, surveyors, parties and other witnesses to fail to clarify with particularity their questions and/or answers when discussing maps, plats; roads, courses, distances and reference points. In such cases the wisdom of, and the need for, the ore tenus rule are evident. A judgment establishing a boundary line between coterminous lands based on evidence which is heard in open court is presumed to be correct and will not be disturbed on appeal unless it is palpably wrong. Campbell v. Carl, 395 So.2d 480 (Ala.1981).”
Based on the principles of law we must apply in such cases, we affirm the judgment of the trial court.
Appellants’ argument that the case should not have been submitted to a jury is without merit. We disagree. In White v. Berrey, 266 Ala. 379, 380, 96 So.2d 725 (1957), this Court wrote:
“The trial court submitted the issue of fact to a jury, which returned a verdict sustaining the contention of the complainants. Thereafter the trial court entered a decree following the verdict of the jury and fixing the disputed boundary line as found by the jury and as contended for by the complainants in their amended bill. Neither side was entitled to a jury trial as a matter of right. Section 3, Title 47, Code 1940; Lucas v. Scott, 247 Ala. 183, 24 So.2d 540. But the trial court was authorized to submit the issue of fact to a jury for decision for the purpose of ‘enlightening the conscience of the chancellor.’ Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., 199 Ala. 391, 74 So. 441, 445. The jury verdict was advisory merely and could have been rejected by the trial court. Lucas v. Scott, supra; Jones, Trial by Jury in Alabama, 8 Alabama Law Review, p. 274 (279). Inasmuch as the evidence was taken orally before the trial court as well as before the jury, there is a presumption in favor of the court’s finding in regard to matters about which there was a conflict in the evidence, although the court did adopt the advisory verdict of the jury.”
Appellants have failed to convince us that the trial court erred in submitting the cause to a jury.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.