188 So. 231

WORTHY et al. v. MEADOWS.

5 Div. 295.

Supreme Court of Alabama.

April 20, 1939.

Richard H. Cocke, of Alexander City, for appellants.

J. Broughton Lamberth, of Alexander City, and Paul M. Page, and Robt. S. Milner, both of Dadeville, for appellee.

lines do not extend squarely with the compass directions.) It is the length of the line from Cleveland Street along Jefferson Street which is principally in dispute. The deed under which respondent claims describes his lot as beginning at the southeast corner of complainants' lot.

If a proper interpretation of complainants' deed is that it gives the line along what is now Jefferson Street as one hundred feet, as we think it means, the iron marker as now located would be at the south-east corner of the lot. To locate the line six feet further east as complainants contend could be justified only by adverse possession. For the past twenty years the evidence as to that is quite shadowy. Prior to that time, it would depend upon whether it was manifest that the father of complainants intended to hold to the line of the fence though it may have been farther than his deed calls for. Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Smith v. Cook, 220 Ala. 338, 124 So. 898; 97 A.L.R. 21, 22. This does not appear from the evidence. He did not occupy the premises but rented them.

However, we think the weight of the evidence is that the fence was on a line with the iron markers as they now appear. This was the finding of the trial court.

Respondent also owns a lot north of that of complainants where he lives, and which fronts on Cleveland Street. The line between them at that location is also in dispute.

The deed to complainants' father does not give the length of the east line of the lot extending to respondent's on the north, but describes this line as extending to "Cleavland's line". Complainants contend that this is one hundred feet, and that the north line extends thence to Cleveland Street. Respondent claims the line on the east to be ninety-three feet to the location of the iron marker, thence westerly to Cleveland Street where there is an elm tree.

We think the evidence which supports that claim preponderates over that of complainants, and to the conclusion reached by the trial court. The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

---

FOSTER, Justice.

The bill in this case invokes the aid of the circuit court, in equity, to establish a disputed boundary line between certain lots in Alexander City, Tallapoosa County. It gives a very clear description of the line as claimed by complainants. Likewise the answer gives such a description of the line as claimed by respondent.

The issue is one entirely of fact and the court found and decreed that the true line is that as claimed by respondent.

The chief conflict in the testimony relates to the location of a partition fence which existed for some thirty years, but has not been in existence for some twenty years, so that there is little now to mark its location. There are at present iron markers at the north and south ends of what respondent claims is the true line. Such markers have, according to witnesses for respondent, been at or near the same location for many years. Some say they were in place when the fence was there. Complainants deny this. There were two pecan trees on respondent's side of the fence,—a stump of one of them is still there, with no present remains of the other. Some say the fence was within a foot of this stump which is about six or seven feet east of the iron marker, and it is claimed by complainants that the line extends to within a foot of this stump. So that the difference is measured by the distance between the iron marker and a point about one foot west of the stump. There has been no sign of the fence for approximately twenty years. After it was gone there was nothing to mark the line unless it be the iron markers, and there was some evidence that they were moved.

The description of the lot in the deed under which complainants claim gives as a starting point the "S. E. corner of Cleavland Street thense to street line one hundred feete thense west (this is more properly north-west) paralell with Cleavland Streete to J. J. Cleavland's line."

Complainants' lot is bounded on the west (or south-west) by Cleveland Street and on the south by Jefferson Street. (These