CHARLES O. WHEDON, APPELLEE, V. LANCASTER COUNTY ET
AL., APPELLANTS.

FILED FEBRUARY 6, 1908. No. 15,348.

1. **Appeal: DISMISSAL.** Where the appeal of the original appellant,
properly taken from a decree in equity, necessarily determines
all of the questions presented by the record and disposes of the
case on its merits, a motion to dismiss as to other appellants will
not be considered.

2. **County Board: BRIDGES: CONTRACTS.** Under the statute authoriz-
ing the county board to make yearly contracts for the con-
struction of all bridges, such contracts may not be made for a
shorter period than one year; nor may the county board evade the
provisions of the statute by terminating before its expiration a
contract made for one year.

3. ———: ———: ———. Where the county board has a yearly
contract for the construction of all bridges in the county, it may
not make another to take effect before the expiration of the first;
but it may, if the occasion for building a bridge arises during the
life of the yearly contract, require it to be done thereunder, even
though the same cannot be completed within the term thereof.

4. ———: ———: ———: DAMAGES. Where a county board has
entered into a contract for the construction of bridges for the
period of one year, and before the expiration thereof attempts to
supersede the same with a contract much less favorable to the
county, damages to the taxpayers will be presumed.

5. **Appeal: PLEADINGS.** This court will not consider on appeal facts
not presented by the pleadings.

APPEAL from the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Strode & Strode, T. J. Doyle, F. M. Tyrrell* and *C. E.
Matson,* for appellants.

*Charles O. Whedon, pro se.*

CALKINS, C.

Under the provisions of the act of 1905 (Comp. St. 1905,
ch. 78, secs. 83-85*p*) the county board of Lancaster county

on April 26, 1906, entered into a contract with one Charles G. Sheeley for the construction of all bridges that might be required to be built in said county within the period of one year from that date. After the completion of a large number of bridges under this contract the county board, on the 5th day of January, 1907, entered upon the record of its proceedings of that day that the contract in question "is hereby canceled by mutual consent," and on the same day caused to be indorsed upon the contract itself the words "this contract is hereby canceled by mutual consent," which indorsement was signed by the chairman of the board and by the agent of the contractor. Following this action the board, after advertising for bids and finding that the proposal of the defendant, the Nebraska Construction Company, was the lowest and best bid, awarded to it a contract for building all bridges that might be required to be built in the said county during the term of one year from the 1st day of March, 1907. It appears that the prices of both material and labor had advanced between the date of the execution of the contract of April 26, 1906, and the cancelation of the same, and that the cost to the county under the new contract would be much greater for the same kind of work than under the contract made in 1906. On the 2d day of March, 1907, the plaintiff, a taxpayer and landowner of Lancaster county, brought this action against the county board and the Nebraska Construction Company to enjoin them from proceeding under the new contract, upon the ground that the said board was without power to terminate the contract of 1906, and that in so doing its members were actuated by improper and corrupt motives. The court below granted the injunction prayed for, and from its judgment this appeal is brought.

1. It appears that, when this suit was brought the members of the county board and the county attorney did not agree as to the policy which should be adopted in defending the same; and the county board, acting in pursuance of the provision of the statute authorizing it to employ addi-

tional counsel when requested so to do by petition signed by ten freeholders (Comp. St. 1905, ch. 7, sec. 18), designated other counsel to conduct the defense of this cause. Thereupon the county attorney intervened on behalf of the county in a petition in which he practically joined the plaintiff in the charges made by him and in demanding the relief prayed for. When the case came to this court, it was upon the appeal of the defendant, the Nebraska Construction Company. The county board afterwards filed a separate appeal, which the county attorney moved to dismiss. This was denied, and a motion for a rehearing of this order was submitted with the main case upon the argument. The case having been submitted, it is unnecessary to determine whether the appeal of the county board was authorized or properly made. Under the provisions of the statute of 1903 (code, sec. 681$a$), we are practically required to hear *de novo* all appeals from decrees in equity cases, and to render or direct the rendition of such judgment as in our opinion the court below should have entered. The question presented by the appeal of the defendant, the Nebraska Construction Company, cannot be determined without determining the question raised by the appeal of the county board. If the Nebraska Construction Company had dismissed its appeal before the submission of the case, then the question might have arisen; but, as the case now stands, it is not involved.

2. The excuse of the county board for terminating a confessedly advantageous contract nearly four months before its expiration was that the season's work was practically over, and that the board desired to let the contract for the ensuing year at a date early enough to enable the new contractor to prepare himself for beginning work in the spring. This end might have been attained by negotiating for the new contract before the expiration of the old one. This suggestion is met by the statement that a former county attorney had advised the board that it was better to cancel an existing contract before advertising for new proposals, and that the board believed it to be neces-

sary to terminate the old contract before it could take steps for the making of a new one. It is also suggested that the price of material was rapidly advancing, and that the board believed more favorable prices could be secured by an early letting of the contract. The district court exonerated the members of the county board from any intentional wrongdoing; and, in the view we take of the powers of the county board, it is not necessary for us to determine whether the excuses presented by it for its action are sufficient to overcome the inference that would naturally arise from its conduct unexplained. The action of the board in terminating the contract of April 26, 1906, on January 5, 1907, was by it denominated a cancelation, and it has been so spoken of in the argument of counsel. We regard the use of the term cancelation as inaccurate and likely to be misleading. To cancel is to annul and destroy. The cancelation of a contract necessarily implies a waiver of all the rights thereunder by the parties. If, after a breach by one of the parties, they agree to cancel it, that is a waiver of any cause of action growing out of the original breach. *Dreifus, Block & Co. v. Columbian Exposition Salvage Co.,* 194 Pa. St. 475, 75 Am. St. Rep. 704. The contract had been in force for some 9 months, and a large amount of work had been performed under it. It is plain that the parties did not intend to cancel the contract in the true sense of that word. What they meant to do, and what they did do, if it was within the scope of the power of the county board, was to change the contract with respect to its duration. The question presented by the record is not whether a county board may cancel a contract of this character, but whether it can change the period of duration of the yearly contracts provided for by the act of 1905 (Comp. St. 1905, ch. 78, sec. 84). It is argued that the unmaking of a contract is within the power which made it, and is equally effectual. This is true when applied to natural persons, and it may be true when applied to corporate officers having a general power to contract; but, when the power to contract is granted to public

officers with accompanying restrictions and limitations as to the manner in which it is to be exercised, the power must be exercised within the limits of these restrictions. In the statute which we are considering, the board is authorized to make yearly contracts for all bridges to be built within their respective counties for the period of one year, at a specified sum per lineal foot for the superstructure, and at a specified sum per foot, board measure, for the wood material used in the substructure of such bridges. Having chosen to proceed under this power, the board has accepted the limitations imposed by the statute. The period for which it may make this contract has been fixed by the statute, and all bridges built within the period must be built under this contract. The county board may not let the contract for a greater period, nor for a less, than is prescribed by the statute. This is not only conceded by the defendants, but is insisted upon in their argument. To make a contract for a year, and terminate it at the end of 8 or 9 months, would be to do indirectly what the board might not do directly, and this cannot be permitted. We therefore conclude that the action of the board attempted to be taken on January 5, 1907, was without authority and void.

3. It is apparent that the county board cannot have, with different parties, two yearly contracts, any portion of which covers the same period, and that, if the contract expiring April 26, 1907, was in force on the 2d day of March in that year, the county board had no power to enter into the contract with the defendant, the Nebraska Construction Company, to begin on the latter date. It is urged that on March 2 the contract expiring April 26 was practically ended, and that no necessity for any further work thereunder was likely to arise, and that, if such necessity did occur, the contractor could not be compelled to undertake any work which he might not be able to complete within the year. We do not think the statute susceptible of any such construction. The purpose of the law was to have a contract in existence for a year, under which work,

the necessity for which should arise during that period, could be performed. If the occasion for building a bridge arose during the life of this contract, the work should be ordered and done thereunder, and the circumstance that the completion of the work might.require a time beyond the period of the yearly contract is immaterial. Any other construction of yearly contracts would imply an interregnum, in which no work could be ordered nor begun, lest it might not be completed within the year. The contract would therefore be, not for a year, but for some shorter and indefinite period. It therefore follows that the county board had no authority to enter into the contract of March 2, 1907, with the Nebraska Construction Company.

4. The defendants contend that the plaintiff has failed to show damage in common with the taxpayers of the county by reason of an unnecessary expenditure of the public funds, and argues that, if no other work would have been done under the contract expiring April 26, 1907, it was a matter of indifference to the taxpayers whether it was allowed to stand until it expired or not. We think the plaintiff had the right, on the 2d day of March, 1907, to assume that the necessity for work might, and probably would, arise before the 26th day of April, and that it would, in default of any action taken by him, be done under the contract entered into on the 2d day of March. The prices under this contract being very much higher than under the contract expiring April 26, damage would necessarily and naturally result to the taxpayers of the county. The fact that no such work was done may properly be attributed to the injunction obtained by the plaintiff in this action.

5. It appeared from the evidence that at the time of the making of the Sheeley contract on the 26th day of April, 1906, there was existing a former contract with the same parties, which would not have expired by its own limitation for about 15 days, but which the board had assumed to terminate before that date. It was contended

upon the oral argument that, if the board hås no power
to terminate such contract until the end of·its term, then
the contract of April 26, 1906, was void, and, being invalid,
it left the county board free to· make the contract with
the defendant, the Nebraska Construction Company. That
these facts were not pleaded is a sufficient answer to this
argument.   Whether, if pleaded, they could be used by
the defendants to defeat the plaintiff's right to the relief
demanded, it is not necessary for us to determine.

We therefore recommend that the judgment of the dis-
trict court be affirmed.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons set forth in the foregoing
opinion, the judgment of the district court is

AFFIRMED.