(100 South. 327)

**JACKSON v. BALL et al., Board of Revenue.**
**(6 Div. 168.)**

(Supreme Court of Alabama. May 15, 1924.)

Counties ⊜107—Board of revenue had authority to lease courthouse and jail no longer used for county purposes.

Under Code 1907, § 130, giving court of county commissioners control of county property, the board of revenue of a county had authority to lease courthouse and jail no longer used for county purposes until such time as they deemed conditions such as to warrant advantageous sale.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for injunction by Fred M. Jackson against D. C. Ball and others, as members of the Board of Revenue of Jefferson County. From the decree, complainant appeals. Affirmed.

---

Robert G. Tate, of Birmingham, for appellant.

The board of revenue has no power to rent or lease property and franchises owned by the county, in the absence of statutory authority. Decatur v. DeKalb, 130 Ga. 483, 61 S. E. 23; State v. Hart, 144 Ind. 107, 43 N. E. 7, 33 L. R. A. 118; Roper v. McWhorter, 77 Va. 214; Ex parte Selma R. Co., 46 Ala. 230; Wightman v. Karsner, 20 Ala. 446.

Matthews & Morrow, of Birmingham, for appellees.

No brief reached the Reporter.

ANDERSON, C. J. The bill and answer show that the board of revenue contemplated the abandonment of the present courthouse and jail of Jefferson county and intended to mortgage or lease the old or abandoned buildings. The appellant, Jackson, filed a bill to enjoin leasing or mortgaging said property, and the trial court ruled that the board of revenue had no legal authority to mortgage said property, but was authorized to lease the same. The board of revenue is not complaining of the ruling as to the right to mortgage, and this appellant is only complaining of the decree in so far as it held that said board had the right to lease said property after the use of same as a courthouse and jail had ceased. Section 130 of the Code of 1907 gives the court of county commissioners control of the county property, and also authorizes them to dispose of same under the conditions there prescribed. It may be conceded that the disposal of same means a complete and absolute disposition such as a sale, and does not carry with it the right to mortgage or lease. We think, however, and so hold, that the general control is broad enough to cover the right to rent or lease the same, within the legal limitations, so long as the county is not in the actual need of same for county purposes. It would be quite a narrow and unbusinesslike interpretation to hold that the lawmakers contemplated that county property should lie idle and unremunerative notwithstanding the commissioners' court did not deem it advisable to sell same. In other words, it could not have been within the contemplation of the lawmakers that such property must be sacrificed at a sale or remain unproductive and burdensome on the hands of the county, and that the governing board could not rent or lease the same until they deemed conditions such as to warrant an advantageous sale thereof.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.