182 So. 39

CORNING et al. v. PATTON.

6 Div. 283.

Supreme Court of Alabama.

May 26, 1938.

Rehearing Denied June 23, 1938.

Sam C. Pointer, Bradley, Baldwin, All & White, M. M. Baldwin, and E. V. Moore, all of Birmingham, for appellants.

W. S. Pritchard and David R. Solomon, both of Birmingham, amici curiæ.

Gibson & Gibson and James H. Willis, all of Birmingham, for appellee.

Hugh A. Locke, of Birmingham, amicus curiæ.

ANDERSON, Chief Justice.

This controversy was started by petition for a common law certiorari to quash the proceedings of the County Commission providing for a long time lease of the site of the former court house, the same being no longer in use for the purpose for which it was formerly intended and used. The trial court granted relief and quashed the proceedings which could have been justified upon the sole ground that the record did not disclose the jurisdiction or authority to order or make the lease in question as the action of the com-

mission in other respects is not subject to review by the common law certiorari. Indeed, the action of the board, when acting within its authority as to the nature, terms, price, etc., of the lease, is largely within its discretion, and in the absence of fraud, corruption or unfair dealing their action will not be disturbed. Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971.

We are, of course, aware of the rule that the County Commission is statutory, and, with respect to the question in hand, is of limited jurisdiction and its acts must be expressly authorized or necessarily implied.

This question has heretofore been presented to this court and was considered and decided in the case of Jackson v. Ball et al., Board of Revenue, 211 Ala. 273, 100 So. 327, wherein we held, under the facts outlined, that the board had the necessarily implied power under the general authority of control to rent or lease this identical property within legal limitations. Meaning, of course, subject to the restrictions and requirements of leases of real estate, having specially in mind Section 6923 of the Code of 1923, Section 3418 of the Code of 1907, limiting the period and requirements as to the execution of same. We will also add that the original record in this Jackson v. Ball Case, supra, has been examined and the bill charges that the lease there considered was a "long time" one. True, this case was based on Section 130 of the Code of 1907, now Section 209 of the Code of 1923, and was decided prior to the Jefferson County Act, Local Acts, Extra Session, 1932, Page 84. But said act does not limit the authority of the commission as to the control of county property as it existed when the Jackson v. Ball Case, supra, was decided. We may add that it would be an anomaly to hold that when the law makers gave the commission the general control of county property that they could not rent or lease it when a sale of same was not advisable and it was no longer needed or used for county purposes.

We may note, for the benefit of the profession, that the annotation of Section 209, as it appears in Michie's Code, is inaccurate in stating that the case of Jackson v. Ball, supra, held that the commission had the authority to mortgage county property. The trial court held they had no such authority and there was no appeal from such

holding, but did hold that they had the authority to make a long time lease from which holding Jackson appealed and the decree was affirmed.

It is urged that the lease is void because contrary to public policy in that it extends beyond the term of the commission making same and usurps the power of a succeeding commission and reliance is had largely on a text in 15 C.J. Page 541, § 234. This section concedes a division of authority on the subject and most of the cases cited in the notes holding such contracts invalid relate to the action of outgoing boards in usurping the power of their successors in relation to the appointment or selection of help to serve the new board, such as dealt with in our case of Willett & Willett v. Calhoun County, 217 Ala. 687, 117 So. 311, where the old board undertook to appoint or employ an attorney to serve its successor. The foregoing text in C. J. cites, among others, Note 12 Ann.Cas. 988. We quote from this note:

"The holding of the reported case that a contract extending beyond the term of office of the members of a board of county commissioners is, if made in good faith, ordinarily valid, is supported by a number of decisions. Liggett v. Board of Com'rs of Kiowa County, 6 Colo. App. 269, 40 P. 475; Board of Com'rs of Pulaski County v. Shields, 130 Ind. 6, 29 N.E. 385; Webb v. Spokane County, 9 Wash. 103, 37 P. 282. See, also, Reubelt v. Noblesville, 106 Ind. 478, 7 N.E. 206; Wait v. Ray, 67 N.Y. 36. The ground upon which these decisions is based is that a board of county commissioners is a continuously existing corporation. Consequently it has been said: 'While the personnel of its membership changes, the corporation continues unchanged. It has power to contract. Its contracts are the contracts of the board, and not of its members. An essential characteristic of a valid contract is that it is mutually binding upon the parties to it. A contract by a board of commissioners, the duration of which extends beyond the term of service of its then members, is not, therefore, invalid for that reason. As individuals they are not parties to it.' Pulaski County v. Shields, 130 Ind. 6, 29 N.E. 385. As to the necessity of upholding such contracts, it has been said: 'Many contracts can be conceived and suggested which of necessity could not be performed during the term of office of an entire

board of county commissioners. To hold contracts invalid because part or all of a board cease to exercise public functions would be to put these corporations at an enormous disadvantage in making the contracts which are essential to the safe, prudent, and economical management of the affairs of a county.' Liggett v. Kiowa County, 6 Colo. App. 269, 40 P. 475. See, also, Whedon v. Lancaster County, 1908, [80 Neb. 682], 114 N.W. 1102."

We also quote from the opinion of the Nebraska Court, Lindburg v. Bennett, 117 Neb. 66, 219 N.W. 851:

"This is an equity suit in which the district court decreed that a 99-year lease of certain real property made by the county .* * * was invalid. * * *

"The lease is conditioned upon the payment of an adequate annual rental with an agreement for valuable and permanent improvements to be made by the lessees who covenant to pay taxes and assessments of every kind. Upon failure of the lessees to perform its covenants the term ends. It contains no revaluation clause, but the evidence shows that this is not unusual in modern leases of this type. At the end of the term the improvements will belong to the lessor. There was no fraud in its procurement. It was a lease and not a sale and was made on behalf of the lessor within the authority of the law. When so made we cannot interfere with the powers of the board. To substitute our discretion for their's would usurp functions not committed by the Constitution to the judicial department of our state government.

"As a result, we deduce the following: A county board will not be enjoined from leasing, for a term of 99 years, real estate owned by the county but not actually used by it nor needed for its actual uses * * *."

See also Reynolds' Heirs v. Stark County Com'rs, 5 Ohio 204, and Williamsburg v. Lyell, 132 Va. 455, 112 S.E. 666.

Our statute permits leases to extend 99 years and it would be an invasion of the legislative branch to reduce the period to the term of the commission when a long term lease may be advantageous to the county.

We are not impressed with the contention that the lease in question violates Section 94 of the Constitution of 1901. We fail to see how the operation of the lease will incur any pecuniary liability on the county or that it engages the county in a private business. It is a straight out ground lease for a fixed rental to be absorbed in part by valuable improvements which are to revert to the county upon the expiration of the lease. The fact that the rental is to be enhanced by a commission based upon the volume of business of the lessee does not make the county a party engaging in a business entailing upon it a profit and loss.

We do not agree with the trial court in holding that the action of the commission was ultra vires and in quashing the proceedings. The judgment of the circuit court is reversed and one is here rendered denying the certiorari.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

We have considered and discussed the only questions argued by counsel of the respective parties to this cause. A point, however, has been made, in brief amicus curiæ, challenging the lease because of the assumption by the county of the payment of taxes, etc. Whether this is a question that relates to the power of the commission so as to be tested by the common law certiorari, we need not now determine as we do not feel it necessary or proper to decide points not made by the parties to the cause. We therefore leave that question open for decision when properly raised and presented.

Rehearing denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.