PIERCE COUNTY, APPELLEE, v. ROY GOFF, APPELLEE: ELEANOR O. ANDERSON ET AL., APPELLANTS.

4 N. W. (2d) 222

FILED MAY 29, 1942. No. 31328.

A. R. Oleson, for appellants.

*Harold S. Salter, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

The county of Pierce, plaintiff, as holder of a tax sale certificate and of other tax liens on the west one-third of lot 3, block 31, original town of Pierce, owned by Eleanor O. Anderson, defendant, brought this suit in the district court for Pierce county to foreclose the certificate and the other liens. The certificate included delinquent taxes for the years 1931 to 1936, both inclusive, and the other liens consisted of taxes on the same lot for the years 1937 and 1938. The entire claim for taxes, interest and advertising was $1,214.76. The petition stated the facts essential to foreclosure.

Defendant admitted ownership of the lot described. Otherwise the answer to the petition consisted of a general denial and of pleas that interest on the taxes was not allowable, and that the taxes were void on account of fraudulent and excessive valuation of the lot beyond actual value and beyond valuations by comparison with other property generally for purposes of taxation.

The district court found there was due to plaintiff from defendant $1,214.76 with interest and decreed foreclosure accordingly. Defendant appealed.

Counsel for defendant contends that the judgment below should be reversed on the ground that the district court heard the case June 10, 1941, in the absence of defendant and her counsel without previous notice there would be a trial on that date. This point is not well taken for the following reasons: The rules of the district court provide for sessions of the court of equity in Pierce county January 11, February 8, March 7, June 9, September 4 and December 8, but do not require notice to defendants of trials in equity cases. Counsel for defendant addressed special counsel for plaintiff as follows December 4, 1940:

"My arm is still taped and bandaged and it is likely to be a

couple of weeks yet before it will be safe for me to travel. But do not wait for me. Just go ahead with your case and all I wish to ask of you is to have the reporter take down the proof you offer which bears upon that part of your case against my client."

There is nothing in the record to show that counsel for defendant withdrew his consent to a trial in his absence or that he desired to appear personally in the future to make a defense. The case was not brought to trial until June 10, 1941. Consequently the time to prepare for a defense or to redeem the lot from the lien of the taxes was extended more than six months. A bill of exceptions containing the evidence adduced was allowed. Under the circumstances, failure to give notice of the hearing and trial of the case, in absence of defendant do not constitute error.

Excessive valuation of the lot for the purpose of taxation and illegal allowance of interest on delinquent taxes are also subjects of complaint, but the record fails to disclose error in these respects.

In the decree of foreclosure, the trial court allowed in favor of plaintiff an attorney's fee of $121.48 to be taxed against defendant as costs, and this allowance is challenged by defendant as being outside the pleadings and the proofs. The petition alleges that plaintiff is entitled to an attorney's fee equal to 10 per cent. of the sum due on its claim. The revenue law, authorizing foreclosure of tax sale certificates, provides that the court "shall award to the plaintiff an attorney's fee equal to ten per cent. of the amount found due, which shall be taxed as part of the costs." Comp. St. 1929, sec. 77-2043. When petitioned by ten freeholders, the county board may employ such additional counsel in civil matters as they may deem necessary. Comp. St. 1929, sec. 26-903. The proofs in the case at bar show that special counsel was appointed in the manner provided by law and that the amount due plaintiff was $1,214.76. On the evidence adduced the law fixed and the court allowed the attorney's fee at 10 per cent. thereof. Other assignments of error are also found to be without substantial foundation in the record.

AFFIRMED.