171 So.2d 86

## J. F. MOORE

v.

## CITY OF FAIRHOPE et al.

I Div. 232.

Supreme Court of Alabama.

Jan. 21, 1965.

Ernest M. Bailey, Fairhope, for appellee.

Chason, Stone & Chason, Bay Minette, for appellant.

SIMPSON, Justice.

This is an appeal from a decree rendered in a declaratory judgment action by the appellant against the appellees seeking a declaration of rights relative to an attempted conveyance by the City to the Elks of property within the city limits of Fairhope.

The appellant is a citizen and taxpayer of the City of Fairhope who owns and resides on property described as Lots 8 and 9 of Block 4, Magnolia Beach subdivision. Appellant's house and lots are situated in the western extremity of the subdivision immediately east of and on an avenue known as Beach Avenue. Immediately west of Beach Avenue between the western edge

thereof and the eastern shore line of Mobile Bay is an area extending in a generally north-south direction which is designated on the plat of the subdivision of Magnolia Beach and filed for record on December 19, 1913, as "PARK". Also, on such plat at the northern end of the designated area are the words "PARK LIMIT". These same words appear at the southern end of the designated area. There is an additional plat on record of Magnolia Beach which designates this area simply as "Block A". This plat was filed for record on March 28, 1911.

There was introduced in evidence an instrument designated "Dedication" dated March 25, 1911, which is as follows:

"The undersigned having platted a piece of land in Baldwin County, Alabama, and named it Magnolia Beach, plat of which is recorded in the office of the Judge of Probate Records in Baldwin County, in Miscellaneous Book No. 1, pages 296, and

"WHEREAS, the undersigned in deeds stipulated that The Park and Beach were dedicated to the Lot owners of Magnolia Beach, and now realizing that in the interest and for the protection of all parties concerned certain rules and regulations given below will govern the property dedicated:

"MAGNOLIA BEACH DESCRIBED
"Magnolia Beach comprises all of the land purchased by me from James A. Mackintosh and wife and deeded to George A. Tonsmeire, as Trustee, which deed is recorded in Deed Book No. 17 N.S. page 345 of the Probate Records of Baldwin County.

"PARK AND BEACH DEFINED

"The Park and Beach includes all the land lying West of Beach View Avenue from the south side of Pier Street to a point determined by continuing south line of Lot 4 in Block No. 7 to Mobile Bay.

* * *

"The undersigned will personally see that the above instructions are carried out until January 1st, 1913, at which time the purchasers of property in Magnolia Beach will be asked to name two men who, will see that the property dedicated is protected in the interest of all parties."

The above instrument is signed by D. H. Stewart and C. A. Tonsmeire, Trustee, the then owners of all land designated as Magnolia Beach.

In addition to appellant's home, there are approximately fifteen homes located on Beach Avenue facing westward toward the waters of Mobile Bay. Appellant bought his property with reference to the plat of Magnolia Beach filed for record in 1913. The record establishes that for more than forty years the property designated on the plat of Magnolia Beach subdivision has been used by the public generally as a park, for picnicking, swimming and other outdoor recreation. The City during these years has maintained the park.

On July 27, 1962 the city council of the City of Fairhope adopted an ordinance which provides:

"BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FAIRHOPE that the property in front of the Elks Lodge on Mobile Avenue in the City is not needed for public or municipal purposes and that the City is authorized to deed it to the Fairhope Elks Lodge in exchange for so much of the Elks property on the east side of Mobile Avenue as is necessary to straighten the curve in Mobile Avenue and that the Mayor be authorized to arrange for this exchange and execute a deed for the City of Fairhope but that the City property be deeded with such restrictions so that should it be sold either directly or indirectly, the City will have the first opportunity to purchase said property for the value of the incumbrances thereon."

The ordinance has reference to a parcel of land lying within the park area.

On August 9, 1962, the City executed and delivered to appellee (Elks) a deed conveying this parcel, such deed reciting that it was executed under the "authority and direction of" the foregoing ordinance.

The validity of this deed is the subject of this controversy, the appellant contending that the City is without authority to convey the land. The appellees on the other hand take the position that the Elks now own an absolute unencumbered fee simple title to the property described in the deed; that the action taken by the City was within the authority of the governing body of the City pursuant to Title 37, § 477(1), Code, and that the City of Fairhope acquired title to the property by virtue of a conveyance by the Judge of Probate of Baldwin County on August 4, 1953, in consideration for the City paying all accrued taxes from 1928 on the parcel hereinabove referred to as "park".

After submission on the pleadings and evidence the trial court rendered its decree holding that the deed from the City to appellee Elks was executed under Title 37, § 477(1), Code; that said statute authorized the governing body of any city or town to dispose of any real property not needed for public or municipal purposes; that the ordinance of the city directing the conveyance of the property is valid and that the appellee Elks is vested with perfect title to the property the subject of this litigation.

Title 37, § 477(1) is as follows:

"Disposition of unneeded real estate. —The governing body of any city or town in this state may, by ordinance to be entered on its minutes, direct the disposal of any real property, not needed for public or municipal purposes, and direct the mayor to make title thereto; and a conveyance made by the mayor in accordance with such ordinance invests the grantee with the title of the municipality."

Apparently it is not seriously contended that the tax sale conferred absolute title to the property involved in the City of Fairhope if the property was dedicated to the public by the acts of the then owners in 1911 or 1913. Appellees rest their case on the proposition that the sale of this property by the City was authorized by Title 37, § 477(1), supra.

We believe that the record clearly establishes that the area referred to as "park" has been subjected to a common law dedication by its owners for use as a park. Dedication by plat or map is a common method of dedicating streets, public sidewalks, and public parks and squares. City of Florence v. Florence Land & Lumber Co., 204 Ala. 175, 85 So. 516; 16 Am.Jur., Dedication § 20, et seq. In this case the sale of lots with reference to the plat which designates the portion of land in controversy as "park" is sufficient intention of the then owners to dedicate that portion to the public as a park. If there is any question about such intention, it is clearly removed by the filing for record in the office of the Judge of Probate that instrument designated "Dedication" describing such property.

The question then is does Title 37, § 477(1) confer upon the City power and authority to convey to a private individual or corporation property within its corporate limits which has been subject to a common law dedication for use by the public as a park? We think not. There is a long established distinction between the authority of a municipality to dispose of property which it holds in its governmental capacity and that which it holds in a proprietary capacity. See 141 A.L.R. 1449. It is stated at § 34, 39 Am.Jur., Parks, Squares & Playgrounds, that:

"As a general rule, a municipality has no power to convey or sell land dedicated as a public park, square, or common, and the legislature is powerless to authorize such a sale. Notwithstanding municipal corporations possess the incidental or implied right to alienate or dispose of their prop-

erty, real or personal, of a private nature, unless restrained by charter or statute, they cannot dispose of property of a public nature such as a park or common in violation of the trusts on which it is held; * * *."

The foregoing is a long established principle of law and one which has been recognized in this jurisdiction since at least 1898. In Douglass v. City Council of Montgomery, 118 Ala. 599, 24 So. 745, 43 L.R.A. 376, this Court quoted with approval from 17 Amer. & Eng.Encyc. of Law 417:

"'If * * * the lands have been dedicated by private individuals for a public park or square, the legislature has no authority to authorize any diversion from the uses to which they were originally dedicated.' "

Indeed as we construe Title 37, § 477(1), the legislature has not attempted to authorize the sale of property held by the city in trust such as that with which we are dealing. It is merely expressly authorizing the municipalities of this state to dispose of property such as they have the implied authority in law to do without legislative authority expressly given. Such a construction is consistent with sound reasoning:

" * * * a municipality may be expressly or impliedly authorized to dispose of property held for a public purpose, but in the absence of clear legislative intent no such implication will be drawn, since any fair, reasonable, or substantial doubt as to the extent of the power given by statute to the municipality is to be determined in favor of the public and against the municipality." 63 C.J.S. Municipal Corporations § 962.

We do not believe that the legislature intended to give cities carte blanche authority to dispose of all properties in which it has an interest whether in trust for the public or not. Certainly it did not intend to authorize the sale of properties such as that involved here, which has been dedicated by a private individual for the benefit of the public to use as a public park, and there being substantial evidence to the effect that it has been so used for more than forty years and such use continues to the present.

It follows that the decree appealed from is reversed and one here rendered consistent with the matters herein stated.

Reversed and rendered.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.