239 So.2d 745

Norris McGILBERRY et al.

v.

J. E. RABON et al.

I Div. 552.

Supreme Court of Alabama.

Sept. 24, 1970.

———◆———

Emmett F. Hildreth, Jr., Atmore, for appellants.

John M. Coxwell, Monroeville, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a final decree of the Circuit Court of Monroe County, Alabama, in Equity, establishing a land line between the real property of appellants and appellees.

The initial pleading was a suit in ejectment which, by agreement of the parties, was transferred into equity, after which a bill was filed that alleged the complainants (appellants) and respondents (appellees) were coterminous owners of certain-described real property and that the dividing line between said property was uncertain and disputed between the parties. Certain defendants in the original suit were omitted or stricken in the equity suit.

Complainants prayed inter alia that the court establish and define the true dividing line between the real estate owned by complainants and that owned by respondents, which tracts were described in the complaint.

Respondents contended in their answer to the complaint that at the time complainants acquired their property, the line of which is in dispute there had been erected a fence "as a dividing line, and that respondents and prior owners held possession to said fence as such for more than ten years." Further answering the third paragraph of the complaint, respondents contended "that a fence line had been erected upon their east line for more than ten years adjoining respondent's (sic) lands as a dividing line and that possession had been held to it and continued for more than ten years." Further answering the fourth paragraph, respondents denied the existence of a dispute as to the fence "being the dividing line as to the property of complainants and respondents, and that said line is uncertain between the parties."

As to the issue that the fence so alleged to have been erected was the dividing line, the trial court heard the evidence ore tenus of twenty witnesses, including the parties. The evidence, with the exhibits, is transcribed on 239 pages of transcript paper. The trial court also went to the scene and viewed the premises.

Thereupon, the trial court, on March 19, 1968, entered a final decree, pertinent excerpts of which we quote:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the boundary line between the Complainants and Respondent,

Eva Smith, is located where a fence now stands between the property of the parties hereto as evidenced by the testimony, a personal inspection of the premises by the Court and aerial photographs of the premises of the parties taken on March 8, 1944, and made an exhibit to this decree.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the boundary line between the Complainants and the Respondent Rabon, is located where a fence now stands between the property of said parties as evidenced by the testimony and a personal inspection by the Court of said premises.

"IT IS FURTHER ORDERED that a competent survey be secured by the Register and with the aid of this aerial photograph that he mark the line between the parties to this cause these markers designated with a plate, 'Judicial Line.' "

Appellants assigned errors from 1 to 11 inclusive. The substance of all the assignments is that the decree is not sustained by the great preponderance of the evidence, or by any evidence, and is contrary to the great weight of the evidence. All the assignments are argued together and are related.

Appellants briefly summarized the evidence of each witness. Appellees supplemented these summarizations with evidence which they contend was omitted in appellants' narration of the evidence.

■ We do not think it necessary to burden this opinion with the details of the evidence. It was in conflict as to the original location of the fence. The thrust of appellants' argument in brief is that the fence was moved over on complainants' land about 14 or 15 feet. The issue in the pleading and the evidence, also in the briefs, is the original location of the fence. The evidence is in conflict which was resolved by the trail court. In making the resolution, the court was aided by personal inspection of the premises. When this occurs, the decree is reviewed here as if it were a verdict of a jury. McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, and cases there cited.

■ We are here guided by the decisions of this Court wherein we held that a decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct, and in such a case the trial court's conclusions will not be disturbed unless palpably erroneous or manifestly unjust. Grief Brothers Cooperage Corp. v. Sawyer, 269 Ala. 513, 114 So.2d 259; Holoway v. Carter, 261 Ala. 51, 72 So.2d 728; Salter v. Cobb, 264 Ala. 609, 88 So.2d 845; Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Darden v. Grimes, 274 Ala. 240, 147 So.2d 278; 2A Ala. Digest, Appeal and Error ☞1009(1).

■ After reviewing the evidence as summarized in the briefs of the parties to this appeal, we conclude that the decree of the trial court should not be disturbed.

■ The appellees filed a motion to dismiss the appeal because notice thereof was not served on them within the time provided by Section 801, Title 7, Code 1940, Recompiled in 1958, reading as follows:

"Upon an appeal being taken, the register, or clerk of the circuit court, or the judge of probate, must issue a citation to the adverse party, returnable to the day to which the appeal is returnable, notifying him of the appeal, which must be served on him, or his attorney, or solicitor, at least ten days (unless otherwise provided) before the day to which the appeal is returnable."

An appeal is returnable to the first Monday after the expiration of sixty days from the date of taking the appeal, when taken during the term, and if in vacation, such appeal is returnable to the first Monday of the next term after the expiration

of sixty days from the date of the appeal. Sec. 790, Title 7, Code 1940, Recomplied in 1958.

The circuit court, as a court of equity, is always open for the transaction of business. Equity Rule 3, Title 7, Appendix, Code 1940, Recompiled in 1958; Sec. 114, Title 13, Code 1940, Recompiled in 1958.

Notice of appeal in the instant case was given appellees on October 2, 1968. Although there was some delay in serving the notice, we will not dismiss the appeal because it does not appear that the appellees suffered any injury or inconvenience. Louisville Fire & Marine Ins. Co. v. St. Paul Fire & Marine Ins. Co., 252 Ala. 532, 41 So.2d 585. The motion is denied.

Affirmed.

LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.