283 So.2d 416

**Frank ANDERSON et al.**

**v.**

**Joe H. ADAMS.**

**SC 265.**

Supreme Court of Alabama.

Sept. 27, 1973.

Cope & Cope, Union Springs, Miller & Hoffmann, Montgomery, for appellants.

Russell L. Irby, Eufaula, for appellee.

McCALL, Justice.

The appellee, Joe H. Adams, sued to enjoin the appellants, Mayor and Councilmen of the City of Union Springs, and the municipality itself (City), from selling a parcel of land of about 1½ acres in area to the appellant, Communications Equipment and Contracting Company, Inc. (CEAC), who intervened in the cause. From an adverse final decree, making permanent a temporary injunction against the original respondent-appellants, enjoining the sale to the appellant CEAC, or anyone, except for burial purposes, and decreeing the contract to sell the land invalid, the original respondents and the intervenor, CEAC, have appealed.

The issue in the case is whether or not this parcel which had become affected with a public use for a cemetery could be sold by the City to CEAC under the power granted by Tit. 37, § 477(1), Code of Alabama, Recompiled 1958, which reads as follows:

"The governing body of any city or town in this state may, by ordinance to be entered on its minutes, direct the disposal of any real property, not needed for public or municipal purposes, and direct the mayor to make title thereto; and a conveyance made by the mayor in accordance with such ordinance invests the grantee with the title of the municipality."

The 1½ acre parcel adjoins along the east side of a 2½ acre tract of equal depth which is now owned by CEAC, and both are part of an original 10 acre tract that the City acquired in 1962 by purchase and conveyance from the grantors, Lee Padgett and others, without any limitations or trust being imposed as to the use to which the land would be put. The bill for injunctive relief seeks to prevent the mayor and councilmen from conveying the 1½ acre parcel to CEAC, which will use it for industrial expansion. The appellee, whose mother is buried in the cemetery, brings his bill as a taxpaying citizen of the city, alleging that the 1½ acre parcel cannot be put to a different use or purpose from that for which it was acquired and is being used by the City, that is, a public cemetery. Pursuant to its intent to convey to CEAC, the City passed a resolution stating that the parcel in question was no longer needed for public or municipal purposes and that it is in the public interest to sell it to CEAC. The authority to convey is sought to be invoked under the above statute Tit. 37, § 477(1) of the Code.

The chancellor after hearing the evidence ore tenus in open court at the trial, stated as a finding in his final decree, the following:

"The Court finds from the evidence, as has already been stated, that the City acquired the entire ten acres for a cemetery and is of the opinion that the entire tract remaining after the prior sale of two-and-a-half-acres thereof to said CEAC is being used by the City as such. The property in question is located adjacent to U.S. Highway 82 on the south side of Union Springs and is a gently sloping hillside lot, all of which is in view of said highway. The Court, in going to and from Union Springs for the past several years, has been familiar with the property from a casual examination of same and has made a closer

inspection since the filing of this suit. The property in question was at the time of the filing of this suit, and has been for a considerable period of time prior thereto, maintained in its entirety in a manner consistant (sic) with being a cemetery. The grounds are well kept with the grass being mowed regularly, and the entire tract is maintained in this manner. On the north and south property lines there are planted hedges and ornamental shrubs. There is no physical marker or line of demarcation upon the ground to indicate that any of the property is being used in any manner different from the rest. There is nothing to indicate to a casual observer or to a prospective purchaser of a burial plot that any of the property is an industrial park or is anything except part of the cemetery. For this reason the Court feels that even if the entire property were not being used by the City as a cemetery, although originally bought for this purpose, the City treats it as such; therefore, the City should be estopped from asserting otherwise."

The final decree (1) permanently enjoined the City from selling the remaining cemetery property, or any portion thereof to CEAC, or any other person, firm, or corporation except for cemetery purposes, and (2) declared the sales agreement or contract of sale by the City for the conveyance of the 1½ acre parcel of land to CEAC null and void.

■■ Without setting forth any of the evidence produced at the trial, we can without hesitation say that it was ample to support and compatible with the findings of fact made by the chancellor in his final decree to the effect that the entire tract remaining after the prior sale of 2½ acres to CEAC, had been acquired in 1962 for a cemetery and was, at the time of initiating the second sale to CEAC, being maintained and used for a cemetery. It is to be noted also that the chancellor viewed and personally inspected the premises; and, when this occurs, the decree is reviewed here as if it

were a verdict of a jury. McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160; McGilberry v. Rabon, 286 Ala. 312, 239 So.2d 745.

In Casey v. Keeney, 290 Ala. 94, 98, 274 So.2d 68, 71, we said:

"* * * [T]he trial court in accordance with permissible practice, made a personal inspection of the property before making its finding of fact. Hence, the decree is reviewed here as if it were a verdict of a jury, not to be disturbed unless it is plainly and palpably contrary to the weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Monroe Bond and Mortgage Co. v. State, 254 Ala. 278, 48 So.2d 431; McNeil v. Hadden, supra [261 Ala. 691, 76 So.2d 160]; Barnett v. Millis, supra, [286 Ala. 681, 246 So.2d 78]."

In the light of the chancellor's viewing and closely inspecting the subject parcel of land and his findings of fact from the evidence which we have already alluded to above, we cannot say that there is a clear, decided preponderance of the evidence against the conclusion which he reached. Edwards v. Farmer, 285 Ala. 118, 229 So. 2d 507; Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809; Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150. Therefore, we must accept the trial court's finding that the parcel of land was acquired by the City from Padgett and others in 1962 for cemetery use and it was being so used by the City when the attempted conveyance to CEAC was enjoined by the equity court.

The legal issue then is whether the City had authority under § 477(1) to declare property, which was found to be used for a public cemetery, to be unneeded municipal property subject to being sold for industrial expansion.

In Moore v. City of Fairhope, 277 Ala. 380, 171 So.2d 86, the court was considering the validity of a sale of real property by the city that was the subject of a common law dedication by its owners for use

as a park. In construing Tit. 37, § 477(1), supra, the court said that the legislature did not thereby attempt to authorize the sale of property held by the city in trust, but merely expressly authorized the municipalities of the state to dispose of property such as they have the implied authority in law to do without legislative authority being expressly given.

In that case the court said:

" * * * We do not believe that the legislature intended to give cities carte blanche authority to dispose of all properties in which it has an interest whether in trust for the public or not. * * *."

Moore v. City of Fairhope, supra, p. 384, 171 So.2d p. 89.

While the parcel of real property in the present case was neither the subject of limitation under a trust, nor of statutory or common law dedication, the trial court found that it had been purchased for a public use and was being put to a public use. There is a difference in the law concerning the alienation of property, devoted by a city for public use and property, owned by a city but not held for public use. O'Rorke v. City of Homewood, 286 Ala. 99, 104, 237 So.2d 487. The appellees contend in the instant case that the alienation of the property should be allowed under the general authority of a municipality to own and convey property as provided in Tit. 37, § 477(1), supra, but we think that in order to be so empowered and authorized, the property must not be held and used for public use. The statute, § 477(1) had not been enacted when City of Bessemer v. Huey, 247 Ala. 12, 22 So.2d 325, was decided, but we think that the holding in that case was not weakened by the passage of the statute. There the court held that the City of Bessemer could not, without specific legislative authority, lease the city auditorium to an individual for private business, viz., a theatre, when it was built with public funds for public and municipal purposes, and while it was then being devoted to such use. In the *Huey* case, su-

pra, the bill alleged that the "City Hall Auditorium was built for public and municipal purposes * * * and has been and is being used for such purposes." The court distinguished Huey from the cited cases of Jackson v. Ball, 211 Ala. 273, 100 So. 327, and Corning v. Patton, 236 Ala. 354, 182 So. 39, which held that the Board of Revenue had the implied power to lease the old Jefferson County Courthouse and jail site, "after the use of same as a courthouse and jail had ceased," and there was no further need of the property for county purposes. The facts in *Huey* and in the instant case with respect to an absence of public need for the property are different from those in the *Jackson* and *Corning* cases, supra. The subject property here was found to have been acquired for public and municipal purposes, and has been and is presently being used for such purposes. We find nothing expressed in the statute which would authorize the sale of this public property as it is now being used. The lack of such a clear expression brings to operation the following quotation:

" * * * a municipality may be expressly or impliedly authorized to dispose of property held for a public purpose, but in the absence of clear legislative intent no such implication will be drawn, since any fair, reasonable, or substantial doubt as to the extent of the power given by statute to the municipality is to be determined in favor of the public and against the municipality." 63 C.J.S. Municipal Corporations, § 962, p. 510.

We therefore, are unwilling to say that, the trial court, after hearing the testimony in the case and making a close inspection of the property, reached a conclusion as to the use of the property which was contrary to the great weight of the evidence. O'Rorke v. City of Homewood, supra.

The fact that the City adopted an ordinance or resolution that the subject property was no longer needed for public or municipal purposes is of no avail to the

appellants, because there can be no authority to so act as long as the property is being used for public and municipal purposes, which was the situation as found by the chancellor. City of Bessemer v. Huey, 247 Ala. 12, 13, 22 So.2d 325.

The decree of the trial court is without error.

Affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH, MADDOX, FAULKNER, and JONES, JJ., concur.