HOLMES, Judge.
This is an appeal from the Circuit Court of Jefferson County’s action vacating an order of the Alabama State Tenure Commission. The order of the tenure commission reinstated a teacher whose employment contract had been cancelled by the Mountain Brook Board of Education.
In July of 1974, under the authority vested in it by Tit. 52, § 358, Code of Ala.1940, the Mountain Brook Board of Education cancelled the employment contract of Ms. Dorothy Greenberg, a teacher on continuing service status. Greenberg then appealed to the State Tenure Commission as provided by Tit. 52, § 360, Code of Ala.1940. The commission reversed the board’s action and reinstated the teacher. Pursuant to § 361 of Tit. 52, Code of Ala.1940, the board by appropriate writ petitioned the Circuit Court of Jefferson County for review of the commission’s action. As noted above, the circuit court vacated the commission’s reinstatement order, and this appeal by the commission ensued.
The commission urges error in that the record compiled by the board and forwarded to the commission contained no documents showing that notice of the proposed cancellation and the reasons therefor were provided to Greenberg. The commission further contends that it properly determined there was insufficient evidence presented for the board to cancel Green-berg’s contract.
I
Title 52, § 359, Code of Ala.1940, provides in pertinent part as follows;
“The employing board of education shall give notice in writing to the teacher stating in detail the reasons for the proposed cancellation and naming the exact time and place at which the teacher may appear before the board to answer said notice, . . . ”
Additionally, Tit. 52, § 360, Code of Ala. 1940, provides:
“Upon notice of appeal, the board shall cause to be made sufficient copies of the record of proceedings to provide a copy for each of the members of the commission and one for the teacher. The record *520 shall consist of all notices given to the teacher, all papers filed with the board by the teacher in compliance with the provisions of this chapter, transcript of testimony and other evidence and the findings and decisions of the board. . . .”
This court has diligently searched the record for the notices described by the above quoted statutes, and we can find none. However, from our examination of the record we find it to be clear that Green-berg did in fact receive the requisite notice of the proceedings against her.
The following letter was sent by Green-berg to the board:
“Dr. William N. Eddins, Superintendent Mountain Brook Board of Education 3 Church Street Birmingham, Alabama “Dear Dr. Eddins:
“This is to notify you that I plan to contest the Mountain Brook Board of Education’s plans to consider cancellation of my teaching contract.
“Very truly yours,
“/&/ Dorothy Greenberg
“Dorothy Greenberg”
In our opinion, this letter is indicative that Greenberg received the notice contemplated by Tit. 52, § 359, Code of Ala.1940. The record also reveals a letter from Green-berg’s lawyer to the board, dated prior to the hearing, in which he requested information pertinent to the pending proceedings. This letter further militates against the conclusion that Greenberg received no notice.
Additionally, the record shows that at the commencement of the proceedings before the board the chairman thereof stated that due notice had been given to Greenberg pursuant to statute. The teacher was then present, as was her attorney, and no objection was made to this statement. The character and length of the proceedings then conducted, which required two volumes in transcription, demonstrate that Greenberg was- adequately prepared to contest the charges. The qircuit court in its final order also specifically found that Greenberg received due notice.
We do not feel that the provision of Tit. 52, § 360, Code of Ala.1940, requiring all notices given the teacher to be a part of the record on appeal, mandates reversal of this cause when the record is literally replete with evidence that the said notice was in fact given. This is especially true in view of the fact that lack of notice has been raised for the first time on this appeal. See 2 Ala.Dig. Appeal & Error keys 169, 173, and cases cited thereunder. Cases cited in the above mentioned Alabama Digest enunciate the established principle of law that issues not raised in the trial court will not be considered on appeal.
II
Title 52, § 360, Code of Ala.1940, provides that the action of the board shall be conclusive upon the commission if made in compliance with the procedural provisions of the appropriate code sections and unless the action taken was “arbitrarily unjust.” As seen from the above, the procedural requirement placed upon the board has been met. Our inquiry thus becomes whether the board’s decision was arbitrarily unjust. The trial court found that it was not, and that the commission’s determination was therefore erroneous. We believe that the trial court was correct in its findings.-
The State Tenure Commission specifically found as follows:
“IN THE MATTER OF DOROTHY GREENBURG v. MOUNTAIN BROOK BOARD OF EDUCATION BEFORE THE ALABAMA STATE TENURE COMMISSION
“A meeting of the Albama State Tenure Commission was held in Montgomery, Alabama on August 29, 1974, at 9:40 a.m. for the purpose of considering the above matter.
“After reviewing the record of the hearing before the Mountain Brook Board of Education and hearing arguments of counsel for both parties, the Commission finds that the record contained insufficient evidence to support the decision to *521 terminate the employment of Mrs. Dorothy Greenburg and, therefore, orders her reinstated to her former position.
“The Commission found evidence in the record that the teacher may have used indiscretion in some instances, but upon a full consideration of the transcript felt that such conduct was insufficient to support termination of Mrs. Greenburg’s contract.
“Done this- 29th day of August, 1974.
“/s/ Oscar M. Zeanah “Oscar M. Zeanah, Chairman “Alabama State Tenure Commission”
Title 52, § 358, Code of Ala.1940, provides that the employment contract of a teacher on continuing service status may be can-celled for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause. The statute also states that cancellation may not take place for political or personal reasons.
It is appropriate to note at the outset that there is no creditable testimony indicating the cancellation was for political or personal reasons.
There is considerable testimony to the effect that the teacher engaged in behavior which can best be described as mocking and holding up to ridicule many of her students. Students who had been made the object of this type of conduct so testified, and one witness testified that Greenberg on one occasion called her a “smart ass” before the class.
The principal of Mountain Brook Junior High School testified that before the commencement of the school year he received requests from a minimum of thirty parents that their children not be placed in Green-berg’s classes. He further testified that more parents and students had consulted him concerning Greenberg than was the case with any other teacher and that these visits had been without exception of a disapproving nature. His recommendation was that her employment contract be terminated.
Former students of Greenberg testified that they did not learn comparably with students in other classes and that Green-berg’s behavior tended to so intimidate her students as to discourage them from asking questions.
There was further testimony that Green-berg unjustifiably refused to release a cheerleader from her class to attend a cheerleading function.
Finally, there was considerable testimony that Greenberg made extended remarks to one of her classes which may sufficiently be described as racial slurs, having no place in a junior high schoolroom.
As previously noted, in order for the commission to properly overturn an action of the board, that action must have been “arbitrarily unjust.” Tit. 52, § 360, Code of Ala.1940. We construe the commission’s finding that there was insufficient evidence to cancel Greenberg’s contract to be a finding that the board’s action was arbitrarily unjust in that there was insufficient evidence for the board’s action of dismissal.
Our supreme court, in Van Antwerp v. Board of Com’rs, 217 Ala. 201, 206, 115 So. 239, 243, in discussing arbitrary action said: “It may well be said all cases of arbitrary action, that is to say, action based on no sound basis of reason, . . . ” (Emphasis added.) A federal district court, in United States v. Lotempio, 58 F.2d 358, 360 (2 Cir.), quoted with approval the definition of “arbitrarily” as found in 4 C.J. 475 which is, “without fair, solid, and substantial cause and * * * without any reasonable cause.”
Webster’s Third New International Dictionary defines “arbitrary” as, “based on random or convenient selection or choice rather than on reason or nature.” This same dictionary defines “unjust” as, “deficient in justice and fairness.”
As the evidence set out above indicates, we find the record belies the conclusion that the board’s action was based on, “no sound basis of reason,” or was, “without any reasonable cause.”
*522 When the evidence is viewed as mandated by Tit. 52, § 360, Code of Ala. 1940, this court must conclude as did the trial court that the Tenure Commission erred in finding the action of the school board to be unsupported by sufficient evidence. The Tenure Commission in effect substituted its view of the evidence for that of the board. We do not find such as act to be the statutory function of the commission.
We would finally note that this court permitted Greenberg to file a brief in this cause as amicus curiae. Amicus contends that the circuit court committed reversible error by not allowing Greenberg to intervene in the mandamus action brought by the board. Greenberg was represented by counsel, other than amicus counsel, before the board and the Tenure Commission.
The parties on this appeal are the school board and the Tenure Commission. The refusal to allow intervention was not raised by the Tenure Commission or the school board. We cannot consider questions presented by amicus curiae which are not raised by the parties to the cause. Corning v. Patton, 236 Ala. 354, 182 So. 39.
Furthermore, Rule 24(a)(2) of the ARCP provides a right to intervention “when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties." (Emphasis added.) Here, the Tenure Commission advocates Greenberg’s position. The Commission is represented by the Attorney General, who has filed a thorough brief with this court. The entire thrust of the Attorney General’s brief is to the effect that Greenberg should be reinstated. As such, we believe in this instance that Greenberg’s interest in the litigation was adequately represented by an existing party, so that no reversible error was committed by the circuit court in refusing to allow her intervention.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.