REQUESTED BY: James S. Jansen Douglas County Attorney
You have requested our opinion regarding a proposal by the Douglas County Board [the "Board"] to employ private counsel in matters relating to the determination of inheritance taxes. The Board is considering retaining a private attorney to pursue collection of inheritance taxes in some cases, rather than relying on the County Attorney. Your question is whether the Board has authority to hire an attorney other than the County Attorney to institute proceedings for the determination of inheritance taxes.
Neb. Rev. Stat. § 77-2018.01(1) (1996) provides that inheritance taxes "may be determined either (a) in any proceeding brought under the provisions of Chapter 30, article 24 or 25, or (b) in a proceeding instituted for the sole purpose of determining such tax." Subsection (2) of § 77-2018.01 provides:
 Proceedings for determination of the [inheritance] tax may be initiated either (a) by order of the county court before which any proceeding is pending, (b) by application of the personal representative, (c) by application of the county attorney, or (d) by application of any person having a legal interest in the property involved in the determination of the tax. (Emphasis added).
The duties of a county attorney regarding inheritance tax determinations are further defined in Neb. Rev. Stat. § 77-2018.03
(1996), which provides:
 In all matters involving the determination of inheritance tax, notice served upon the county attorney shall constitute notice to the county and the State of Nebraska. It shall be the duty of the county attorney to represent the county and the State of Nebraska in such matters as its attorney. In so representing the county and the State of Nebraska, the county attorney is authorized, in addition to such other powers as he normally may exercise as attorney for the county, to enter into and bind the county and the State of Nebraska by stipulation as to any facts which could be presented by evidence to either the inheritance tax appraiser or the county court, and to waive service of notices upon him to show cause or of the time and place of hearing, and to enter a voluntary appearance in such proceeding, in behalf of the county and the State of Nebraska. (Emphasis added).
"[S]tatutory language is to be given its plain and ordinary meaning in the absence of anything indicating the contrary." PSB CreditServices, Inc. v. Rich, 251 Neb. 474, 477, 558 N.W.2d 295, 297 (1997). Courts will "construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme." Abboud v.Papio-Missouri River Natural Resources Dist., 253 Neb. 514, 517,571 N.W.2d 302, 305 (1997). "As a general rule, in the construction of statutes, the word 'shall' is considered mandatory and inconsistent with the idea of discretion." Loup City Public Schools, School Dist. No. 1 v.Nebraska Dep't of Revenue, 252 Neb. 387, 393, 562 N.W.2d 551, 555
(1997).
The plain language of § 77-2018.03 demonstrates the Legislature intended to mandate that the county attorney represent the county and State in all matters relating to the determination of inheritance taxes. This is consistent with § 77-2018.01(2)(b), providing the county attorney authority to initiate proceedings for determination of inheritance taxes. In enacting these provisions, the Legislature intended to grant exclusive authority to county attorneys to represent the county and State in proceedings to determine inheritance taxes. Indeed, the Nebraska Supreme Court has specifically recognized the statutory duty imposed on a county attorney to represent the county and State in the determination of inheritance taxes. See State ex rel. Nebraska State BarAss'n v. Richards, 165 Neb. 80, 92, 84 N.W.2d 136, 144 (1957); In reEstate of West, 226 Neb. 813, 828-29, 415 N.W.2d 769, 780 (1987).
You indicate it has been suggested that the Board has authority to retain private counsel to represent the county in inheritance tax matters pursuant to Neb. Rev. Stat. § 23-1203 (1997), which provides that "in all counties of this state the county board may employ such additional counsel in civil matters as it may deem necessary." Section 21-1203
further provides that "[s]uch attorney or attorneys shall counsel the board . . . on such civil matters as the board may lay before him or her, and shall prosecute or defend, on behalf of the county or any of its officers, such civil actions or proceedings as the interests of the county may in their judgment require, and shall receive such reasonable compensation in each case as the board and such counsel may agree upon."Id.
The Nebraska Supreme Court has recognized the authority of a county board to retain special counsel pursuant to this statute and its predecessors in certain circumstances. See, e.g., Strawn v. County ofSarpy, 146 Neb. 783, 21 N.W.2d 597 (1946) (Employment of special counsel to conduct tax foreclosure cases); County of Pierce v. Goff, 141 Neb. 514,4 N.W.2d 222 (1942) (Retention of attorneys to represent county in civil matters when petitioned by ten freeholders); Whedon v. Lancaster County,80 Neb. 682, 114 N.W. 1102 (1908) (same).[1] The Court has even upheld the authority of a county board to hire an attorney to collect a judgment on a contingent fee basis. Miles v. Cheyenne County, 96 Neb. 703,148 N.W. 959 (1914).
While § 23-1203 permits a county board "to employ additional counsel in civil matters as it may deem necessary," this seemingly broad grant of authority must be read in light of the specific duty and authority granted to county attorneys to represent the county and State in inheritance tax determinations. "It is a general principle of statutory construction that specific statutory provisions relating to a particular subject control over general provisions." Marks v. JudicialNominating Comm'n, 236 Neb. 429, 432, 461 N.W.2d 551, 553 (1990). In our view, the specific statutory duty and authority granted a county attorney to represent the county and State in inheritance tax determinations precludes the County Board from relying on the general authority granted in § 23-1203 to retain private counsel to exercise the duty and authority specifically granted the County Attorney in matters relating to the determination of inheritance taxes.
In sum, we conclude that the County Board lacks authority to retain private counsel to assume the statutory duty and authority of the County Attorney to represent the County and State in matters involving the determination of inheritance taxes. The Legislature has, by specific legislation, granted such authority solely to the County Attorney. The general authority of the County Board to "employ additional counsel in civil matters" under § 23-1203 cannot be read to override the specific legislative determination that the duty and authority to represent the County and State in such matters is vested in the County Attorney.[2]
 Sincerely, DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
[1] Specific statutory authority is provided county boards to retain the services of outside counsel to proceed with tax foreclosures in lieu of reliance on the county attorney. Neb.Rev.Stat. § 77-1918 (1996).
[2] We note that, if a county attorney is unable to fulfill the duty established by § 77-2018.03 to represent the county and State in an inheritance tax determination matter for ethical reasons, i.e., a conflict of interest arising out of the attorney's representation of a private party affected by the determination of inheritance tax, appointment of special counsel by a county board is appropriate. See Stateex rel. Nebraska State Bar Ass'n v. Richards, 165 Neb. at 93,84 N.W.2d at 144-45. This does not mean that a county board may unilaterally act to usurp the statutory duty and authority of a county attorney to represent the county and State in inheritance tax matters; rather, it simply recognizes that, in such instances, ethical constraints preclude the county attorney from acting in this capacity. Absent the existence of circumstances which ethically preclude a county attorney from fulfilling his or her duties in inheritance tax proceedings, a county board may not act to appoint a special counsel to fulfill this function. This situation is unlikely to arise in Douglas County, as the County Attorney and all Deputy County Attorneys in Douglas County "shall devote their full time to the legal work of [the] county and shall not engage in the private practice of law. . . ." Neb. Rev. Stat. § 23-1206.01 (1997).